MARY WYLIE et al., Plaintiffs, *v.* CITY OF NEW YORK, Appellant, and GLOBE ESTATES, INC., et al., Respondents.

First Department, November 29, 1955.

*Fred Iscol* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for appellant.

*Robert E. Curran* of counsel (*William R. Ahmuty, Jr.,* attorney), for respondents.

*Per Curiam.* The plaintiff, Mary Wylie, was injured as the result of a fall on the sidewalk in front of premises owned by defendant Globe Estates, Inc., and leased to defendant Madison Warehouse Co., Inc. The City of New York was joined as a defendant in the action.

At the point where the plaintiff fell the sidewalk was cut to form a runway from the street to the building abutting the sidewalk. Trucks of the defendant Madison used that runway in entering or leaving the warehouse. This runway was paved somewhat differently than the rest of the sidewalk. It was constructed of cobblestones with two rows of flagstone slabs a few feet from the curb.

The answer of the City of New York contained a cross complaint against the owner and the lessee, alleging that if the accident was not the result of plaintiff's own negligence, then it was caused by the negligence of Globe and Madison. At the close of plaintiff's case the city rested, putting in no proof on either its defense or its cross complaint. The court at this point dismissed the complaint against the defendants Globe and Madison and likewise dismissed the city's cross complaint. The trial continued against the city, the sole remaining defendant, and the jury returned a verdict in plaintiff's favor.

In dismissing the cross complaint, the court held that the city may not recover unless it be shown that the defect was created by the trucks of the defendant Madison. It is the city's contention that inasmuch as the sidewalk, at the point where plaintiff fell, was built for a special use and inasmuch as defendant Madison was using the sidewalk for its special purpose, it became the duty of the defendants Globe and Madison to maintain the driveway in a safe condition. With that position we agree. There is no question but that the evidence strongly supports a finding that the sidewalk was being used

specially by the defendant Madison. Nor was there a finding made to the contrary by the trial court.

Such a special use carries with it the responsibility of keeping the sidewalk in a reasonably safe condition (*Nickelsburg* v. *City of New York,* 263 App. Div. 625; *Joel* v. *Electrical Research Prods.,* 94 F. 2d 588).

In the latter case, the court in referring to the law of New York stated (p. 590): " That part [of the sidewalk] so put to his special use, under permit and so of right, is so subject to his control that the law places upon him the obligation to maintain it in a suitably safe condition for the public to use it as a part of the sidewalk ''.

In the circumstances the cross complaint should not have been dismissed. Since the defendants Globe and Madison had no opportunity to adduce their proof, there must be a new trial.

The appeal is limited by the notice of appeal and we may therefore consider only the dismissal of the cross complaint.

The judgment insofar as appealed from should be reversed and a new trial ordered, with costs to abide the event.

BREITEL, J. P., BASTOW, BOTEIN, RABIN and BERGAN, JJ., concur.

Judgment, so far as appealed from, unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. Settle order on notice.