■ MAIDA J. WEISER, an Infant, by LEONARD WEISER, Her Guardian ad Litem, et al., Respondents, v. CITY OF NEW YORK, Appellant-Respondent, and OTHON QUINCHE et al., Appellants.— Action by an infant to recover damages for personal injuries and by her father for medical expenses and loss of services. The infant was injured when her father, who was carrying her in his arms, fell over a surveyor's monument belonging to the City of New York. The city served a cross complaint for judgment over against the owners of the abutting property alleging that they were actively negligent. After trial before the court without a jury, judgment was rendered in favor of the infant and her father against the city, and in favor of the city on its cross complaint against the owners. Subsequently the judgment was amended to provide that the recovery in favor of the infant and her father was to be against the city and the owners, and in favor of the city on its cross complaint against said owners. The city appeals from the original judgment and the amended judgment insofar as said judgments are against it. The owners appeal from the original judgment and the amended judgment insofar as said judgments are against them. Amended judgment modified on the law (1) by striking from the first and second decretal paragraphs thereof the words " defendants, the City of New York, and Othon Quinche and Ruth N. Quinche " and by substituting therefor the words " defendant The City of New York ", and (2) by striking from said judgment the third decretal paragraph, and by substituting therefor a provision that the cross complaint be dismissed. As so modified, amended judgment affirmed, with one bill of costs to the respondents Weiser, payable by appellant city, and with one bill of costs to the appellants Quinche, payable by appellant city and the respondents Weiser. The findings of fact are affirmed. Appeals from original judgment dismissed, without costs. *Ordinarily,* an abutting owner owes to the general public the duty of maintaining in a reasonably safe condition that portion of the sidewalk into which he places an installation for his own

special use (*Olivia* v. *Gouze*, 285 App. Div. 762, affd. 1 N Y 2d 811; *Trustees of Canandaigua* v. *Foster*, 156 N. Y. 354), or which he uses as part of the driveway to his garage (*Wylie* v. *City of New York*, 286 App. Div. 720; *Joel* v. *Electrical Research Prods.*, 94 F. 2d 588), or similarly uses for his special benefit (*Condon* v. *Arata*, 302 N. Y. 579). The portion of the sidewalk that is so put to his special use, under permit and so of right, is *usually* so subject to his control as to require him to maintain it in a suitably safe condition for public use as part of the sidewalk (*Joel* v. *Electrical Research Prods., supra*). And, in the event the city is cast in damages as a result of neglect of such duty, it is entitled to be indemnified by the abutting owner (*Burke* v. *City of New York*, 2 N Y 2d 90; *Olivia* v. *Gouze, supra*). Here, however, as respects the surveyor's monument, the city was itself making a special use, within the driveway portion of the sidewalk, of the very part thereof where the accident happened. As such special user, the duty rested upon the city to repair the hole or break in the cement, adjacent to the monument, at the site of the accident (*Nickelsburg* v. *City of New York*, 263 App. Div. 625). Moreover, under applicable provisions of law, the city is vested with continuing and exclusive control of sidewalks within a radius of three feet of such monuments (Administrative Code of City of New York, §§ 82d7–23.0—82d7–25.0). In the circumstances, the abutting owners did not have the duty to repair the defect in question. Beldock, Murphy and Hallinan, JJ., concur; Wenzel, Acting P. J., and Ughetta, J., concur (1) in the dismissal of the appeals from the original judgment and (2) insofar as the cross complaint is dismissed, but dissent insofar as the recovery of the respondents Weiser is directed against the city only, and vote to modify the amended judgment accordingly, and to affirm said judgment as so modified, with the following memorandum: The city and the abutting owners were joint tort-feasors. The appellants Quinche had a duty to maintain the sidewalk in good repair, but the case does not come within those situations in which a municipality is allowed to recover over against the owner of abutting property.