■ GARY EKSOUZIAN, Appellant, v LUCILLE LEVENSON et al., as Trustees under the Will of SADYE LICHTENSTEIN, Respondents, et al., Defendant. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated November 24, 1986, which granted the motion of the defendants Lucille Levenson and A. Morris Krout for summary judgment dismissing the complaint and all cross claims against them.

Ordered that the order is affirmed, with costs.

The plaintiff seeks to recover damages for personal injuries he allegedly incurred when he tripped and fell on a defective sidewalk abutting the property owned by the estate of Sadye Lichtenstein. The defendants Levenson and Krout are the trustees of the estate.

In the absence of a statute or ordinance imposing liability upon an abutting landowner for a defective sidewalk, as a general rule, "it must appear that the defective condition in the sidewalk was created by the owner, or was caused to exist because of the owner's use of the sidewalk, or a portion thereof, in a special manner" (Friedman v Gearrity, 33 AD2d 1044). The plaintiff failed to furnish any evidentiary proof to contradict the defendants' showing that they neither created the alleged defective condition nor used the sidewalk for their own special purpose. There is also no evidence in the record that the defendants had received notice to repair the sidewalk from the New York City Commissioner of Transportation (see, NY City Charter § 2904; Administrative Code of City of New York § 19-152). The mere fact that they owned the abutting property, without more, is insufficient to impose liability upon these defendants (see, Blais v St. Mary's of Assumption R. C. Church, 89 AD2d 653). There being no material triable issue of fact, summary judgment was properly granted (see, Zuckerman v City of New York, 49 NY2d 557, 562).

The plaintiff's contention that he needed additional disclosure of two nonparty witnesses in order to oppose the motion is without merit. Although the plaintiff had served notices to take depositions and subpoenas upon these nonparty witnesses in June of 1984, he had made no attempt in the ensuing years to compel their attendance or to otherwise obtain the information which he now claims he needs. Accordingly, the plaintiff's claimed need for this additional disclosure will not act as a

bar to the granting of summary judgment *(see, Guarino v Mohawk Containers Co.,* 59 NY2d 753; *Witte v Incorporated Vil. of Port Washington N.,* 114 AD2d 359). Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.