■ MARIE SHEEHAN, Respondent, v MILTON RUBENSTEIN et al., Appellants; G & S FASHIONS, Respondent, et al., Defendant.—In an action to recover damages for personal injuries, the defendants Milton and Jeanne Rubenstein appeal from an order of the Supreme Court, Kings County (Held, J.), dated September 9, 1988, which denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them and all cross claims against them.

Ordered that the order is reversed, on the law, with one bill of costs, the motion for summary judgment is granted, the complaint insofar as it is asserted against the appellants and the cross claim against them are dismissed, and the action against the remaining defendants is severed.

On February 14, 1986, the plaintiff slipped and fell on a snow-and-ice-covered hole in the sidewalk adjoining the premises at 5422 5th Avenue, Brooklyn, New York. These premises were owned by defendants Milton and Jeanne Rubenstein and

were occupied by the defendant G & S Fashions pursuant to a lease dated October 3, 1985. The defendant King Shoes, Inc., which also occupies that premises, failed to appear in the instant action.

An action to recover damages for personal injuries sustained by the plaintiff was commenced on May 5, 1986. Thereafter, the Rubensteins moved for summary judgment dismissing the plaintiff's complaint insofar as it is asserted against them and all cross claims against them. This motion was denied by the Supreme Court, Kings County (Held, J.), on the ground that a landlord has a nondelegable duty to keep his or her premises free of snow and ice. We reverse.

The law is well established that an abutting landowner will not be liable to a pedestrian passing by on a public sidewalk, unless the landowner created the defective condition or caused the defect to occur because of some special use, or unless a statute or ordinance placed the obligation upon him to maintain the sidewalk (see, Surowiec v City of New York, 139 AD2d 727, 728). The defendant Milton Rubenstein stated that neither he nor an agent of his conducted any snow removal. Neither the plaintiff nor the codefendant G & S Fashions furnished any evidentiary proof to contradict this statement or create some basis for liability. The mere fact that the appellants owned the abutting property, without more, is insufficient to impose liability upon them (see, Eksouzian v Levenson, 139 AD2d 690). Thompson, J. P., Brown, Kunzeman and Rubin, JJ., concur.