■ CARMELLA NOTO et al., Appellants, v MERMAID RESTAURANT et al., Defendants and Third-Party Plaintiffs-Respondents. INCORPORATED VILLAGE OF FREEPORT, Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated June 20, 1988, as granted the motion of the defendants Mermaid Restaurant and Fran J. Restaurant, Inc., for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff, Carmella Noto, seeks to recover damages for personal injuries allegedly sustained when she tripped and fell on a defective sidewalk abutting a restaurant owned by the defendants Mermaid Restaurant and Fran J. Restaurant, Inc. Her husband, the plaintiff Stefano Noto, seeks to recover damages for loss of services and incidental medical expenses.

The defendants' motion for summary judgment was properly granted. "The law is well established that an abutting landowner will not be liable to a pedestrian passing by on a public sidewalk, unless the landowner created the defective

condition or caused the defect to occur because of some special use" *(Surowiec v City of New York,* 139 AD2d 727, 728; *see also, Eksouzian v Levenson,* 139 AD2d 690; *Forelli v Rugino,* 139 AD2d 489; *Friedman v Gearrity,* 33 AD2d 1044).

There is no basis in the record upon which the defendants can be held liable. While the "cut-out" in the curb which provides access to the driveway leading to the restaurant's parking lot might be deemed a special use, the injured plaintiff fell approximately three feet away from that "cut-out". Moreover, the attorney's affirmation submitted in opposition to the defendants' motion was not based upon personal knowledge, and was therefore insufficient to raise triable issues of fact *(see, Zuckerman v City of New York,* 49 NY2d 557, 563; *Surowiec v City of New York, supra,* at 728). Mangano, J. P., Lawrence, Kooper and Rosenblatt, JJ., concur.