■ GERTRUDE HOHNKE, Appellant, v I-H SING LEE, Respondent. (And a Third-Party Action.)—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Graci, J.), dated January 30, 1989, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In this action, the plaintiff claimed that she slipped and fell on a clear plastic "round band" used to wrap newspapers, which was on the sidewalk abutting the building owned by the defendant. The defendant leased a ground floor stationery store, which sold newspapers, to a tenant.

In order to impose liability on the defendant, it must be established that "the landowner created the defective condition or caused the defect to occur because of some special use, or * * * a statute or ordinance placed the obligation upon him to maintain the sidewalk" (Sheehan v Rubenstein, 154 AD2d 663, 664; see, Surowiec v City of New York, 139 AD2d 727, 728; Eksouzian v Levenson, 139 AD2d 690). There is no evidence in the record that the defendant either created the condition which allegedly caused the accident or used the sidewalk for his own special purpose. Further, the plaintiff's reliance on certain sections of the New York City Charter relating to the Health Code and of the Administrative Code of the City of New York is misplaced since those statutes do not expressly

impose tort liability upon the defendant in favor of an injured person for a violation thereof *(see generally, Forelli v Rugino,* 139 AD2d 489; *Friedman v Gearrity,* 33 AD2d 1044). Contrary to the plaintiff's further contention, the mere speculation that something might be uncovered through discovery provides no basis for denying the defendant's motion. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.