■ ANGELINA GIAMMARINO et al., Appellants, v ANGELO'S ROYAL PASTRY SHOP, INC., et al., Respondents, et al., Defendants.—In consolidated actions to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Shaw, J.), dated August 21, 1989, which granted the respective motions of the defendants Emafam, Ltd. and Angelo's Royal Pastry Shop, Inc., for summary judgment dismissing the complaint insofar as it is asserted against them and any cross claims asserted against them.

Ordered that the order and judgment is affirmed, with one bill of costs.

The plaintiff Angelina Giammarino allegedly slipped and fell on a piece of cake while leaving Angelo's Royal Pastry Shop, Inc. The cake was on the public sidewalk approximately

4 or 5 inches from the concrete step from which she had descended. The plaintiffs sued, *inter alia,* Emafam, Ltd., the owner of the premises, and Angelo's Royal Pastry Shop, Inc., as occupier of the premises, claiming Angelina Giammarino's injuries resulted from the alleged negligence of these defendants in permitting a dangerous condition to exist on their premises. The defendants Emafam, Ltd., and Angelo's Royal Pastry Shop, Inc., separately moved for summary judgment, claiming that, as a matter of law, an owner or occupier of land abutting a public sidewalk does not generally owe the public a duty to keep the sidewalk in a safe condition. An exception to this rule exists where the defect in the sidewalk was created by the owner or occupier or exists because of the owner or occupier's special use of a public way for its own benefit *(see, Eksouzian v Levenson,* 139 AD2d 690). The plaintiffs responded that the step between the front entrance of the pastry shop and the sidewalk constituted a special use which benefited the pastry shop in that it provided a convenient entry to the shop, and added to its attractiveness.

The plaintiffs have failed to satisfy any of the elements needed to impose liability on the defendants Emafam, Ltd., and Angelo's Royal Pastry Shop, Inc. They failed to put forth any credible evidence that these defendants created the defective condition which allegedly caused the plaintiff Angelina Giammarino to slip and fall, since all baking was done on the premises, and the only people who took baked goods out of the store were its customers. The plaintiffs also failed to put forth any evidence indicating these defendants' special use of the public sidewalk. Their assertions that the step was designed to add to the shop's attractiveness and to provide a convenient entry into the shop are insufficient to bring the case within the special use exception.

It is well established that in order to obtain summary judgment, the movant must establish its defense or cause of action sufficiently to warrant the court, as a matter of law, to direct entry of judgment in its favor *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). The moving defendants have satisfied this burden *(see, Matusewicz v Motion Mktg.,* 161 AD2d 620). While the plaintiffs allege the existence of various issues of fact, these factual issues are irrelevant to the issue of the liability of Emafam, Ltd., and Angelo's Royal Pastry Shop, Inc. Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.