■ Candice Culkin, Respondent, v Chase Manhattan Bank, N. A., Appellant, et al., Defendant.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered July 12, 1991, which denied defendant's motion for summary judgment, unanimously affirmed, with costs.

After informing plaintiff that her employment at defendant Chase Manhattan Bank was being terminated, plaintiff's supervisor, defendant Heineman, allegedly tried to prevent plaintiff from retrieving her personal belongings by assaulting her. The IAS court properly denied Chase's motion for summary judgment, there being a question of fact as to whether Heineman was acting within the scope of her employment (Sims v Bergamo, 3 NY2d 531). Concur—Milonas, J. P., Kupferman, Ross and Smith, JJ.

Second Department, February, 1992

(February 3, 1992)

■ Marie Belmonte et al., Appellants, v City of New York et al., Defendants, and Jerry Agrusa, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Bernstein, J.), dated May 16, 1990, which granted the motion of the defendant Jerry Agrusa for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The record demonstrates that the injured plaintiff fell on a public sidewalk in front of the defendant Jerry Agrusa's business. There is no evidence that Agrusa made any special use of the area in which the injured plaintiff fell, or otherwise caused or created the alleged sidewalk defect. Consequently, the Supreme Court properly dismissed the complaint insofar as asserted against Agrusa (see, e.g., Little v City of Albany, 169 AD2d 1013; Giammarino v Angelo's Royal Pastry Shop, 168 AD2d 423; Sheehan v Rubenstein, 154 AD2d 663). Mangano, P. J., Sullivan, Balletta and Ritter, JJ., concur.