■ CHARLES S. NAHLES et al., Appellants-Respondents, v COUNTY OF NASSAU, Respondent-Appellant, and TOWN OF HEMPSTEAD, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Nassau County (Collins, J.), dated October 5, 1989, as granted the cross motion of the Town of Hempstead for summary judgment dismissing the complaint insofar as it is asserted against it, and (2) an order of the same court dated April 6, 1990, as, upon reargument, adhered to the original determination granting the cross motion of the Town of Hempstead, vacated so much of the original determination as denied the cross motion of the County of Nassau for summary judgment and granted the plaintiff's motion to compel discovery to the extent of directing it to comply with all discovery demands, granted that cross motion, and denied the plaintiffs' motion to compel discovery, and the County of Nassau cross-appeals from so much of the order dated October 5, 1989, as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it and granted the plaintiffs' motion to compel discovery to the extent of directing to comply with all discovery demands.

Ordered that the appeal and the cross appeal from the order dated October 5, 1989, are dismissed, as that order was superseded by the order dated April 6, 1990, made upon reargument; and it is further,

Ordered that order dated April 6, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff Charles S. Nahles alleged that he was injured when he tripped and fell over a raised portion of the roadway located near the intersection of Madison Street and Hemp-

stead Turnpike in the Town of Hempstead and claimed that the defective roadway condition was caused or created by one or both of the defendants. We find that the Supreme Court properly granted the defendants' cross motions for summary judgment dismissing the complaint. The affidavits in support of the defendants' cross motions sufficiently established their defense so as to warrant granting summary judgment in their favor *(see, Daliendo v Johnson,* 147 AD2d 312; *see also, Frank Corp. v Federal Ins. Co.,* 70 NY2d 966). The plaintiffs' unsubstantiated allegations were insufficient to raise a material triable issue of fact *(see, Frank Corp. v Federal Ins. Co., supra; Zuckerman v City of New York,* 49 NY2d 557). In the present case, the plaintiffs' "mere speculation that something might be uncovered through discovery provides no basis for denying the defendant's motion[s]" *(Hohnke v I-H Sing Lee,* 159 AD2d 487, 488). Mangano, P. J., Sullivan, Balletta and Ritter, JJ., concur.