■ LESLIE RUBIN et al., Appellants, v FRANK'S FUEL, INC., et al., Respondents, et al., Defendants.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Marbach, J.), dated April 26, 1990, as granted the motion of the defendants,

Robison Oil Corp. and Frank's Fuel, Inc., for summary judgment dismissing the second amended complaint, and directed the plaintiffs to pay motion costs and disbursements together with a sanction of $2,500, and (2) from a judgment of the same court, entered October 11, 1990, entered thereon.

Ordered that the appeal from the order dated April 26, 1990, is dismissed; and it is further,

Ordered that the judgment is modified, by deleting the provision thereof which imposed upon the plaintiffs a sanction in the amount of $2,500; as so modified, the judgment is affirmed; and it is further,

Ordered that the order is modified accordingly; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Contrary to the plaintiffs' contention, the Supreme Court properly granted the respondents summary judgment dismissing the second amended complaint insofar as it is asserted against them. In this regard, we note that they submitted a supporting affidavit which sufficiently established their defense to warrant an award of summary judgment in their favor (see, Daliendo v Johnson, 147 AD2d 312; see also, Frank Corp. v Federal Ins. Co., 70 NY2d 966). Moreover, the plaintiffs' unsubstantiated allegations were insufficient to raise a material triable issue of fact (see, Zuckerman v City of New York, 49 NY2d 557), and the plaintiffs' "mere speculation that something might be uncovered through discovery" does not warrant denial of the motion (see, Hohnke v I-H Sing Lee, 159 AD2d 487, 488).

However, under the circumstances of this case, the imposition of a $2,500 sanction upon the plaintiffs was unwarranted (see, 22 NYCRR 130-1.1 [d]). Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.