■ HELEN GAGE, Respondent, v CITY OF NEW YORK et al., Respondents, and 59TH STREET ASSOCIATES, Appellant. HELEN GAGE, Respondent, v TRAVEL TIME & TIDE, INC., Respondent. [610 NYS2d 485] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered August 13, 1993, *inter alia,* denying defendant 59th Street Associates' motion for sum-

mary judgment dismissing the complaint against it, unanimously affirmed, without costs.

"It is well settled that the owner or lessee of land abutting a public sidewalk owes no duty to the public to keep the sidewalk in a safe condition unless the landowner or lessee creates a defective condition in the sidewalk or uses it for a special purpose" *(Tortora v Pearl Foods,* 200 AD2d 471, 472). Here, movant is the owner of a theatre establishment, the lessee of which, with its knowledge and consent, installed terrazzo tile on the sidewalk abutting the entrance of the theatre, underneath the marquee. Plaintiff purportedly tripped and fell in a hole in the terrazzo tile. The IAS Court properly determined that terrazzo sidewalk tile was installed for the special use or benefit of the owner lessor of the abutting premises, which improvement the owner then became obligated to properly maintain *(see, e.g., Curtis v City of New York,* 179 AD2d 432, *lv denied* 80 NY2d 753) and properly denied movant owner's summary judgment motion. Concur—Carro, J. P., Wallach, Rubin and Nardelli, JJ.