[627 NYS2d 4]

ALAN GRANVILLE, Respondent, v CITY OF NEW YORK, Respondent, and LINCOLN ASSOCIATES, Appellant, et al., Defendants.

First Department, May 23, 1995

## APPEARANCES OF COUNSEL

*Christopher P. DiGiulio* of counsel *(Joyce Bigelo* on the brief; *Bunin & DiGiulio,* attorneys), for appellant.

*Ellen B. Fishman* of counsel *(Leonard Koerner* on the brief; *Paul A. Crotty, Corporation Counsel* of New York City, attorney), for City of New York, respondent.

*Michael B. Parson,* New York City, for Alan Granville, respondent.

## OPINION OF THE COURT

Tom, J.

On July 24, 1988, plaintiff-respondent Alan Granville allegedly sustained injuries after he tripped and fell on a raised, defective portion of a sidewalk in front of the premises designated as 1960 Broadway, New York, New York. Defendant-appellant Lincoln is the owner of the premises and leases it to a corporation which operates a restaurant therein.

After some discovery was conducted, Lincoln moved for summary judgment on the grounds that it was not liable for the defect in the sidewalk because it had neither made a "special use" out of the sidewalk, nor did it create the defective condition. The IAS Court denied Lincoln's motion holding that the case should go to trial on the special use issue. The IAS Court subsequently granted Lincoln leave to reargue and in considering such motion, the court viewed photographs which more clearly portrayed the sidewalk area where plaintiff allegedly fell. The IAS Court adhered to its original decision and also found that the photographs raised an additional issue of fact as to whether Lincoln was responsible for " 'causing and creating' " the defect.

It is well established that an owner of land which abuts a public sidewalk does not, solely due to the location of the land, owe a duty to the public to maintain the sidewalk in a safe condition *(see, D'Ambrosio v City of New York,* 55 NY2d 454,

462; *Nuesi v City of New York,* 205 AD2d 370; *Curtis v City of New York,* 179 AD2d 432, *lv denied* 80 NY2d 753). An exception to the foregoing rule exists, however, where the abutting owner created the defect or uses the sidewalk for a special purpose *(D'Ambrosio v City of New York, supra,* at 462; *Noto v Mermaid Rest.,* 156 AD2d 435, 436).

In *Balsam v Delma Eng'g Corp.* (139 AD2d 292, 298, *lv dismissed in part and denied in part* 73 NY2d 783), this Court previously held that: "The principle of special use, a narrow exception to the general rule, imposes an obligation on the abutting landowner, where he puts part of a public way to a special use for his own benefit * * *. *Special use cases usually involve the installation of some object in the sidewalk or street or some variance in the construction thereof.*" (Emphasis added.)

In the matter before us, the photographic record reveals a concrete step mounted upon the sidewalk immediately beneath the elevated doorway of the restaurant which step protrudes from the doorway for a short distance beyond the building's boundary. This concrete step, which runs the entire width of the entranceway of the restaurant, clearly constitutes a special use for landlord's benefit which facilitates access to the restaurant premises.

The duty to maintain the area of special use runs with the land so long as it is maintained for the benefit of the land and is not dependent upon a finding that the owner had installed the sidewalk or had repaired it *(Karr v City of New York,* 161 AD2d 449, 450; *Santorelli v City of New York,* 77 AD2d 825). The obligation of the abutting landowner is to maintain the part so used in a reasonably safe condition to avoid injury to others.

The Court in *Balsam* noted that the common thread which ran through special use cases was the "installation 'exclusively for the accommodation of the owner of the premises which he was "bound to repair * * * in consideration of private advantage" ' " *(Balsam v Delma Eng'g Corp., supra,* at 298, quoting *Nickelsburg v City of New York,* 263 App Div 625, 626, quoting *Heacock v Sherman,* 14 Wend 58).

The photographic evidence further shows two cracks on the pavement extending from under and along the edge of the concrete step and leading directly to the defective area of the sidewalk where plaintiff allegedly tripped and fell. The defective condition of the sidewalk being contiguous to the cement

step raises a factual issue as to whether such condition was caused by the owner's improper construction and/or maintenance of the step or landing. The issue concerning the causal connection between the owner's special use of a portion of the public walkway and the defective condition which caused the injury is an issue for the trier of the facts and precludes the granting of summary relief.

Lincoln's reliance on *Giammarino v Angelo's Royal Pastry Shop* (168 AD2d 423) is misplaced. In *Giammarino,* the plaintiff slipped and fell on a piece of cake lying on the sidewalk approximately four to five inches beyond a concrete step from which she had descended. The Appellate Division, Second Department, concluded that the plaintiff's assertions "that the step was designed to add to the shop's attractiveness and to provide a convenient entry into the shop are insufficient to bring the case within the special use exception." *(Supra,* at 424.)

In *Giammarino,* however, there is absolutely no indication that the step from which plaintiff alighted protruded from the building onto the sidewalk. Nor is there any connection between a piece of errant pastry and a defect in the sidewalk contiguous to a concrete step mounted thereon.

Rather, this case is more closely analogous with *Gage v City of New York* (203 AD2d 118), in which the owner of a building allowed the tenant, which operated a theater, to install terrazzo tile underneath the theater's marquee leading to the theater's entrance. Plaintiff sustained injuries when she tripped and fell in a hole in the tile and this Court affirmed the ruling of the IAS Court which had determined that the terrazzo sidewalk tile in front of the entrance constituted a special use.

While in the case before us the plaintiff did not trip on the step itself, an analogy may be drawn as the defective portion of the sidewalk does appear to be contiguous to the step and issues of fact exist as to whether the defects were created by the special use of the sidewalk, as in *Gage (supra).*

Accordingly, the order of the Supreme Court, New York County (Martin Schoenfeld, J.), entered on February 3, 1993, which denied Lincoln's motion for summary judgment dismissing the complaint, and the order of the same court and Justice, entered December 8, 1993, which granted Lincoln reargument of that decision and, upon reargument, adhered to the original determination, are affirmed, without costs.

WALLACH, J. (dissenting). Even if we assume, as does the majority, that the step installed by the abutting owner's (Lincoln's) predecessor in title and which may encroach upon the sidewalk a few inches constitutes a "special use," such a possibility does not, standing alone, expose defendant Lincoln to liability in this case.* Plaintiff, in his examination before trial, testified that he tripped and fell on a sidewalk defect four to five feet away from the step. That defect consisted of a "bump" where the jagged and raised portion of the sidewalk protruded upward four to six inches from the surface where plaintiff approached it.

On this record, plaintiff has not produced a scintilla of evidence, as opposed to pure speculation, that the alleged special use was a proximate or contributing cause of his sudden fall, and thus has failed to establish a cause of action against Lincoln as a matter of law *(Noto v Mermaid Rest.,* 156 AD2d 435; *Ankenbrand v City of New York,* 133 AD2d 798). The mere fact that the restaurant and its stepped entryway was his ultimate destination does not suffice *(Balsam v Delma Eng'g Corp.,* 139 AD2d 292, *lv denied* 73 NY2d 783). This case is to be distinguished from *Curtis v City of New York* (179 AD2d 432, *lv denied* 80 NY2d 753), where the placement of newspaper racks by the abutting owner "defined the plaintiff's path and in effect directed him towards the defect in the sidewalk". No such constraint upon plaintiff's movement was in operation here.

Nor was plaintiff's claim against Lincoln advanced by the contribution of his engineer, Samuel Hochstein. This expert never visited the site of the fall, but did look at the photographs used at plaintiff's deposition. In his one-page affidavit, he opines that "work had been done at the site of the accident since the original installation of the sidewalk at that location and prior to the date of the photographs."

Lincoln took title to the premises on May 10, 1985, and plaintiff's fall occurred on July 24, 1988. The records of Lincoln and its managing agent disclosed that it performed no work on the sidewalk during this three-year-and-two-month period of ownership. A search of the records of codefendant City of New York revealed that no work permit had issued for

---

* Although the motion court and the majority seem to agree that plaintiff's case against Lincoln "should go to trial on the special use issue", this controversy presents a pure question of law, since the facts on that aspect of the claim are undisputed.

this site. Insofar as it might pertain to Lincoln, Mr. Hochstein's affidavit is probative of nothing. If negligent "work" of an undefined type had been done by Lincoln's predecessor in title, that would not impose liability upon Lincoln *(Langfelder v City of New York,* 271 App Div 309; *Sciremammana v City of New York,* 271 App Div 842). In the form presented, Mr. Hochstein's affidavit does not exclude codefendant City of New York, nor, for that matter, any other entity in the world with sidewalk construction capability.

The mere fact that the crack in the sidewalk leads directly to the step does not raise a triable issue. The doctrine of guilt by association has never been successfully extended to sidewalk cases.

Accordingly, we respectfully dissent. We would reverse the order appealed from and dismiss the action against defendant Lincoln.

KUPFERMAN and ASCH, JJ., concur with TOM, J.; SULLIVAN, J. P., and WALLACH, J., dissent in a separate opinion by WALLACH, J.

Orders, Supreme Court, New York County, entered February 3, 1993 and December 8, 1993, affirmed, without costs.