■ ELAINE WEIL, Respondent, v 227 EAST 57TH STREET, INC., et al., Appellants, et al., Defendant. [636 NYS2d 776] —Order, Supreme Court, New York County (Jane S. Solomon, J.), entered March 1, 1995, which denied defendants-appellants' motion pursuant to CPLR 3212 for summary judgment dismissing the complaint, unanimously reversed, on the law, the motion granted and the complaint dismissed, without costs. The clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

Plaintiff commenced the action underlying this appeal to recover for injuries sustained when she tripped and fell on a public sidewalk abutting defendants-appellants' premises located at 227 East 57th Street in Manhattan. Plaintiff in her deposition described the defect which caused her to fall as a depression "four feet long and about three to four inches wide and about one and a half inches to two inches deep". According to the plaintiff, the depression was located fifteen to eighteen feet east of the main entrance to the building.

It is well settled that the owner of land which abuts a public sidewalk does not, solely due to the location of the land, owe a duty to the public to maintain the sidewalk in a safe condition (*Granville v City of New York*, 211 AD2d 195, 196, citing *D'Ambrosio v City of New York*, 55 NY2d 454, 462). However, a duty to the public will be found to exist where the abutting landowner uses the sidewalk for a special purpose or somehow created the defect, or where a statute or ordinance places an

obligation upon the landowner to maintain the sidewalk (211 AD2d, *supra,* at 197; *Sheehan v Rubenstein,* 154 AD2d 663, 664).

Plaintiff's submissions in response to the defendants' motion for summary judgment failed to raise any issues of fact with respect to either the existence of a special use on behalf of these defendants or the creation of the defect by these defendants. The record clearly demonstrates that, as the IAS Court correctly found, no "special use" existed. Moreover, the affidavits and pleadings submitted by the plaintiff consisted of conclusions and speculation as to how the defect might have been created; as such they were insufficient to defeat the defendants' motion (*see, Zuckerman v City of New York,* 49 NY2d 557). Concur—Ellerin, J. P., Kupferman, Ross, Williams and Tom, JJ.