■ GERARD HAND et al., Respondents, v STANPER FOOD CORP., Appellant. [638 NYS2d 683] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated August 30, 1994, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Gerard Hand was allegedly injured when he

tripped and fell on a broken sign post that was protruding from a sidewalk abutting property owned by the defendant. The plaintiffs commenced this action against the defendant alleging that it created the dangerous condition (*see, Gaboff v City of New York,* 197 AD2d 560). This allegation was based on the testimony of the injured plaintiff that, over the five-year period prior to his alleged accident, he had observed the defendant's principal at that time, Stanley Persky, since deceased, break off at the base two other signs on the same sidewalk. Neither of these signs were at issue.

The defendant moved for summary judgment contending that the injured plaintiff's testimony concerning the acts of Persky would be barred by the Dead Man's Statute (*see,* CPLR 4519). However, the defendant is not a party protected under the statute (*see, Carmen v Shore Cleaners & Dyers,* 270 App Div 945). Thus, the statute would not preclude the injured plaintiff's testimony. However, the injured plaintiff's testimony is insufficient to warrant the denial of summary judgment. The alleged fact that Persky broke off two other signs in front of the defendant's premises over the five-year period prior to the alleged accident, without more, is insufficient to support an inference that he broke off the sign at issue (*see, Matter of Brandon,* 55 NY2d 206, 212).

Nonetheless, the defendant's motion for summary judgment was properly denied as premature. The plaintiffs have not yet been afforded the opportunity to depose certain employees of the defendant, whose identities were previously withheld and who are potential witnesses, as to how the sign at issue was broken off (*see,* CPLR 3212 [f]). Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.