■ MARC E. LOBEL, Appellant, v RODCO PETROLEUM CORP. et al., Respondents. [649 NYS2d 939] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Murphy, J.), dated November 1, 1995, which, upon granting the defendants' motion for judgment as a matter of law made at the close of the plaintiff's case, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff was allegedly injured when he tripped and fell on broken concrete on a curb cut along a public sidewalk, adjacent to premises operated as a service station by the defendant Sylvester Guiteau, and leased from the defendant Rodco Petroleum Corp. (hereinafter collectively the defendants). At the close of the plaintiff's case, the court granted the defendants' motion for judgment as a matter of law and the plaintiff appeals from the subsequent judgment dismissing the complaint.

"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner (*[see] City of Rochester v Campbell*, 123 NY 405; *Roark v Hunting*, 24 NY2d 470 [, 475]). There are, however, circumstances under which this general rule is inapplicable and the abutting landowner will be held liable. Liability to abutting landowners will generally be imposed where the sidewalk was constructed in a special manner for the benefit of the abutting owner (*[see] Clifford v Dam*, 81 NY 52), where the abutting owner affirmatively caused the defect (*[see] Colson v Wood Realty Co.*, 39 AD2d 511), where the abutting landowner negligently constructed or repaired the sidewalk, and where a local ordinance or statute specifically charges an abutting landowner with a duty to maintain and

repair the sidewalks and imposes liability for injuries resulting from the breach of that duty (*[see]* *Willis v Parker,* 225 NY 159)" (*Hausser v Giunta,* 88 NY2d 449, 452-453; *see also, Figueroa v City of New York,* 227 AD2d 373).

Here, we reject the plaintiff's contention that because the general public may have used the curb cut for ingress and egress of motor vehicles to and from the defendants' premises that the defendants could be held liable for an alleged defect in the sidewalk under the "special use" exception. The doctrine of special use is reserved for situations where a landowner, whose property abuts a public street or sidewalk, derives a special benefit from that property unrelated to the public use (*see, Poirier v City of Schenectady,* 85 NY2d 310). The plaintiff failed to demonstrate that the curb cut was specially constructed for a benefit unrelated to the general public use, or that the defendants made a special use of or derived a benefit from the curb cut. Bracken, J. P., Thompson, and McGinity, JJ., concur.

Goldstein, J., dissents, and votes to reverse the judgment appealed from, on the law, to deny the defendants' motion, and to grant the plaintiff a new trial, with the following memorandum: The plaintiff tripped on a portion of a sidewalk where there was an apron curb cut allowing cars to transverse the sidewalk into the gasoline station operated by the defendant Sylvester Guiteau, on land owned by the codefendant Rodco Petroleum Corp. Mr. Guiteau acknowledged that, for the eight years he operated the gasoline station, cars would drive over that area to patronize his gasoline station. The trial court found that the doctrine of special use only applied if the defendant "created it or got it constructed for his own personal use and benefit". The court further found that there was no evidence that the defendants' use of the curb cut created the defect.

As the Court of Appeals noted in *Poirier v City of Schenectady* (85 NY2d 310, 315), the special use exception can apply "where a landowner whose property abuts a public street or sidewalk derives a special benefit from that property unrelated to the public use, and is therefore *required to maintain* a portion of that property" (emphasis supplied). Generally, an abutting landowner owes a duty to the general public to maintain in a reasonably safe condition the portion of the sidewalk which it uses for its own special benefit, so the general public may use the sidewalk without injury (*see, Braithwaite v Grand Union Co.,* 22 ADd 941; *Weiser v City of New York,* 5 AD2d 702, *affd* 7 NY2d 811; *Wylie v City of New York,* 286 App Div 720).

It is well settled that use of a portion of the sidewalk as a driveway for ingress and egress from the abutting landowner's property can constitute a special use (*see, Azzara v Revellese,* 146 AD2d 592; *Deans v City of Buffalo,* 181 AD2d 1015; *Du Pont v Town of Horseheads,* 163 AD2d 643; *Dressler v Socony Mobil Oil Co.* 22 AD2d 780). Further, this Court has held that a " 'cut-out' in the curb which provides access" to the general public to a commercial establishment can be deemed a special use (*Noto v Mermaid Rest.,* 156 AD2d 435, 436; *see, Gage v City of New York,* 203 AD2d 118).

Contrary to the conclusion of the trial court, the fact that the special use was created prior to the defendant owner's purchase of the property, or that the curb-cut may have been constructed by the municipality or someone other than the defendants is immaterial (*see, La Porta v Thompson,* 178 AD2d 735; *Rooney v City of Long Beach,* 42 AD2d 34, 36-37; *Oliva v Gouze,* 285 App Div 762, 765, *affd* 1 NY2d 811). Nor is there any requirement that the special use be attributable to only one abutting landowner or tenant to the exclusion of all others: two or more defendants who jointly exercise the special use may be held liable (*see, La Porta v Thompson, supra; see generally, Gage v City of New York, supra*).

Here, the evidence adduced on the plaintiff's direct case clearly raised a jury question as to whether the defendants made a special use of the portion of the sidewalk where the accident occurred. Further, there is a question of whether the defendants' continuous use of a portion of the sidewalk for ingress and egress from the gasoline station for a period of eight years caused or contributed to the cracks which allegedly caused the accident (*see, Granville v City of New York,* 211 AD2d 195).

Accordingly, the plaintiff should be granted a new trial.