■ ELLENA MORGAN, Respondent, v DEPARTMENT OF SANITATION OF THE CITY OF NEW YORK et al., Respondents, and GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Doing Business as THE FOOD EMPORIUM, et al., Appellants. [673 NYS2d 130] —Order, Supreme Court, New York County (Louis York, J.), entered July 22, 1997, denying defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Plaintiff alleged that on a cold and windy day she slipped on a frozen surface apparently in the vicinity of a discarded coffee cup, worn flat by pedestrian traffic, as she stepped off the curb near the corner of 63rd Street and Third Avenue. Among others, she sued the supermarket in the building abutting the nearby sidewalk. The motion court dismissed the complaint as to other defendants, but found a question of fact regarding defendant supermarket's duty to maintain the sidewalk. The court found that the supermarket, as tenant-in-possession, had a duty to maintain the property and that, despite the lessor's lease obligation to maintain common areas, the lessee supermarket undertook, at least informally, to clean the sidewalk. The court, noting the allegation that the physical condition of the cup suggested its presence for a substantial time period, also found a factual issue regarding the supermarket's constructive notice of the defective condition arising from the discarded coffee cup. We disagree as to both conclusions.

In order to hold an abutting owner or lessee liable for a pedestrian's injuries incurred on a public sidewalk, the defendant must be shown to have actually created the dangerous condition or to exercise a special use of the sidewalk (*Weil v 227 E. 57th St.*, 223 AD2d 449; *Sas v City of New York*, 221 AD2d 216). There is no showing of a special use in this case. Nor is there any showing that the supermarket caused the defective condition (*Yass v Deepdale Gardens*, 187 AD2d 506). Although the supermarket conceded sweeping the sidewalk after deliveries, sweeping was a duty performed by the building managing agent, and the supermarket as the abutting lessee will not be held responsible simply because it maintained other,

unrelated, parts of the sidewalk. Plaintiff failed to demonstrate that the defective condition was caused or worsened by some action of the supermarket, such that dismissal is required (*supra*).

In any event, the supermarket did not have notice of the defective condition. There is no allegation of actual notice. In order to constitute constructive notice, the defect must be visible and apparent, and must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it (*Gordon v American Museum of Natural History*, 67 NY2d 836), evidence lacking in the present case. Rather, plaintiff's own testimony established weather conditions that might have contributed to the condition. Plaintiff testified that it was a cold and windy day with debris blowing around. Nor was there evidence of any recurring condition similar to that which caused the injury. Concur—Milonas, J. P., Williams, Tom and Andrias, JJ.