■ GERARD HAND et al., Respondents, v STANPER FOOD CORP., Appellant. [672 NYS2d 789] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated May 14, 1997, which denied its renewed motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

The plaintiff Gerard Hand was allegedly injured when he tripped and fell on a broken sign post protruding from a sidewalk. He and his wife subsequently commenced this action against the defendant, the owner of the property abutting the sidewalk.

In the absence of evidence that an abutting landowner made special use of a public sidewalk or created or caused an allegedly defective condition, the property owner is not liable for injuries sustained by an individual who falls on the sidewalk (*see, Gaboff v City of New York*, 197 AD2d 560; *Belmonte v City of New York*, 180 AD2d 617). There is no evidence in this case that the defendant made special use of the sidewalk. On a prior appeal, this Court concluded that the plaintiffs had failed to come forward with sufficient, probative evidence that the defendant had created the defective condition, but determined that the defendant's motion for summary judgment was premature as the plaintiffs had not yet had the opportunity to depose certain witnesses (*see, Hand v Stanper Food Corp.*, 224 AD2d 584).

Those nonparty witnesses have now been deposed and their testimony does not support the plaintiffs' contention that the defendant created the alleged defective condition. The plaintiffs' current opposition to the defendant's motion for summary judgment, like their opposition to the defendant's prior motion, is insufficient to raise a triable issue of fact as to whether the defendant created the condition. Consequently, the Supreme

Court erred in denying the motion. O'Brien, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.