■ DAWN THOMAS et al., Respondents, v TRIANGLE REALTY COMPANY et al., Appellants. [679 NYS2d 394] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered August 20, 1997, which denied defendants' motion and cross-motion for summary judgment, unanimously reversed, on the law, without costs and both motions granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against each of them.

Plaintiff claims to have tripped on a half-inch raised brick in a public sidewalk outside the building owned by defendant Triangle Realty Company and occupied by defendant Chemical Bank. Neither defendant installed the bricking, nor requested its installation, nor benefitted from its presence or from a special use of the sidewalk area. It is well settled that the owner or occupier of land abutting a public sidewalk does not owe a duty to the public, solely arising from the location of the premises, to maintain the sidewalk in a safe condition (*Nuesi v City of New York*, 205 AD2d 370). Rather, liability arises only if the abutting owner or lessee created the defect or used the sidewalk for a special purpose (*Granville v City of New York*, 211 AD2d 195, 197), such as when an appurtenance was installed for its benefit or at its request (*Kaufman v Silver*, 90 NY2d 204, 207), contemplating a purpose different from that of the general public (*Otero v City of New York*, 213 AD2d 339, 340). Such special use then gives rise to maintenance responsibilities (*Santorelli v City of New York*, 77 AD2d 825). While we have imposed liability on abutting landowners and lessees for raised features on sidewalks such as oil filler caps (*see*, *Schechtman v Lappin*, 161 AD2d 118, 121), and found potential bases for liability when a metal plate covered utility boxes for servicing the abutting building (*Karr v City of New York*, 161 AD2d 449), steps encroached from the premises over the public sidewalk (*Granville v City of New York*, 211 AD2d 195) and tiles outside a theater under the marquee provided a decorative benefit to the theater premises (*Gage v City of New York*, 203 AD2d 118), in each case liability was connected to that

feature having been requested by, or benefitting, the abutting property. These qualifications are lacking in the present case. The brickwork in this location was of a kind found throughout the area and was not unique to the sidewalk abutting this premises, and thus did not confer a benefit on defendants. The mere fact that the defendant bank maintained an ATM machine adjacent to the sidewalk was not a special use that might impose correlating maintenance and repair obligations with respect to the sidewalk. As such, both defendants were entitled to summary judgment. Concur—Sullivan, J. P., Wallach, Tom and Andrias, JJ.