Podhurst v Village of Monticello (2022 NY Slip Op 00707)





Podhurst v Village of Monticello


2022 NY Slip Op 00707


Decided on February 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 3, 2022

532697 532699
[*1]Cayla Podhurst, Appellant,
v
Village of Monticello, Defendant, and Landfield Avenue Synagogue Jewish General Aid Society, Respondent.

Calendar Date:December 15, 2021

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

Finkelstein & Partners, LLP, Newburgh (Lawrence D. Lissauer of counsel), for appellant.
The Law Offices of Craig P. Curcio, Middletown (Ryan Bannon of counsel), for respondent.



Clark, J.
Appeals (1) from an order of the Supreme Court (Schreibman, J.), entered September 14, 2020 in Sullivan County, which, among other things, granted a motion by defendant Landfield Avenue Synagogue Jewish General Aid Society to set aside a verdict, and dismissed the complaint, and (2) from the judgment entered thereon.
At around 11:00 a.m. on a Saturday morning in February 2017, plaintiff, on her way to synagogue, was walking up the left side of a set of steps when she slipped on ice, fell and broke her ankle. Those steps connect the public roadway on which the synagogue is located to one of three access points to a raised portion of the public sidewalk that runs the width of the synagogue, the raised sidewalk being otherwise set off by railings. Another set of steps in line with the former then connects that same area of the public sidewalk to the synagogue's main entrance. Although the steps on which plaintiff fell are part of the public right-of-way and not on the synagogue's property, which is owned by defendant Landfield Avenue Synagogue Jewish General Aid Society (hereinafter defendant), defendant exclusively maintained the steps, including performing snow and ice removal thereon.[FN1] A maintenance worker for defendant performed such removal in the morning on the day before plaintiff's accident, but no snow or ice removal work was performed Friday evening or the morning of plaintiff's accident because of the Jewish Sabbath.
Following a number of surgeries on her ankle, plaintiff commenced this negligence action against defendant [FN2] for allegedly causing and/or permitting unsafe conditions in the area where she fell. After joinder of issue and the completion of discovery, defendant moved for summary judgment dismissing the complaint, arguing, as relevant here, that it did not own the property on which plaintiff fell and that imposition of liability upon it as an abutting landowner would be inappropriate as it did not create or exacerbate the icy conditions on the subject steps or otherwise enjoy any special use thereof. Supreme Court purported to deny that motion, finding that plaintiff raised a question of fact as to whether the ice she slipped on was created or exacerbated by defendant's snow removal, necessitating a trial. However, the court also found that plaintiff failed to offer any evidence to suggest that defendant derived a special benefit, or use, from the subject set of steps that was separate and apart from the use afforded to the general public, in effect partly granting defendant's motion and precluding plaintiff from pursuing a special use theory of liability at trial.
A trial ensued, and a jury determined that both parties were negligent but that only defendant's negligence was a substantial cause of plaintiff's injuries. A verdict was therefore entered in plaintiff's favor, and she was awarded $100,000 for her past pain and suffering. Plaintiff then moved for a new trial on damages or, alternatively, additur, and defendant [*2]moved to set aside the verdict as legally insufficient. Supreme Court granted defendant's motion. As relevant to this appeal, the court found that defendant's maintenance worker offered uncontroverted testimony that he exclusively cleared snow to the downhill — or right — side of the steps, with the recognition that snow placed on the uphill — or left — side of the steps would melt, flow downhill and create ice in the vicinity of the steps. In light of the maintenance worker's testimony that he followed that procedure in conducting snow and ice removal on the day before plaintiff's accident, the court held that no reasonable jury could have concluded that the ice on which plaintiff fell was created or exacerbated by snow melt from snow that had been piled by defendant, as required for the only theory of liability presented to the jury. The court accordingly set aside the verdict, and plaintiff appeals.
Supreme Court erred in finding, as a matter of law, that defendant derived no special use of the area in which plaintiff fell. "Generally, an owner of land abutting a public sidewalk does not, solely by reason of being an abutter, owe to the public a duty to keep the property in a safe condition" (Giannelis v BorgWarner Morse TEC Inc., 167 AD3d 1185, 1185 [2018] [internal quotation marks, brackets and citations omitted]; see Kaufman v Silver, 90 NY2d 204, 207 [1997]; Blum v City of New York, 267 AD2d 341, 342 [1999]). This rule, however, is not absolute, and, as relevant here, liability may be imposed upon an abutting landowner where the landowner "derives a special benefit from that public property unrelated to the public use" (Kaufman v Silver, 90 NY2d at 207 [internal quotation marks, brackets, emphasis and citation omitted]; see Keenan v Munday, 79 AD3d 1415, 1417 [2010]; Oles v City of Albany, 267 AD2d 571, 571-572 [1999]). A special benefit, often referred to as a special use or special purpose, will be found "where there is a modification to the public sidewalk, such as the installation of a driveway, or a variance of the sidewalk to allow for ingress and egress, that was constructed in a special manner for the benefit of the abutting [land]owner" (Giannelis v BorgWarner Morse TEC Inc., 167 AD3d at 1186 [internal quotation marks and citations omitted]; see Marshall v City of Albany, 184 AD3d 1043, 1044-1045 [2020]; Keenan v Munday, 79 AD3d at 1418; Moons v Wade Lupe Constr. Co., Inc., 43 AD3d 501, 502 [2007]; Thomas v Triangle Realty Co., 255 AD2d 153, 153-154 [1998]).
Here, defendant proffered evidence in support of its motion for summary judgment that plaintiff's fall occurred on public property, thereby shifting the burden to plaintiff to raise an issue of fact as to defendant's liability as an abutter (see Keenan v Munday, 79 AD3d at 1417-1418; Harris v FJN Props., LLC, 18 AD3d 1089, 1090 [2005]; Melamed v Rosefsky, 291 AD2d 602, 603 [2002]). With respect to its special use theory of recovery, plaintiff points to the deposition [*3]testimony of defendant's secretary and bookkeeper, who testified that she was unaware of who initially built the subject set of steps, or when, but that defendant rebuilt them prior to plaintiff's fall. Photographs submitted by both parties make clear that the subject steps are not only directly in line with the synagogue's main entrance, but match that entrance's width with near exactitude, the entrance notably being wide enough to encompass two sets of double doors. There is proof that congregants attending Sabbath services and holiday services would access the synagogue via this entrance only. In addition, photographic evidence reveals that the portion of the raised sidewalk between the two sets of steps is constructed of more decorative pavers or cobblestones, laid by defendant, setting that area apart from the otherwise concrete sidewalk, arguably improving the overall appearance of the main entrance and visually linking the two sets of steps up to the synagogue.
Viewing the evidence in the light most favorable to plaintiff and affording her the benefit of every available inference, as we must, the foregoing was adequate to raise a triable issue of fact as to whether the subject steps were constructed or altered for defendant's benefit. In our view, that benefit, both delineating and permitting direct access to the synagogue's main entrance, cannot, as a matter of law, be said to be the same benefit conferred on the general public that may utilize the raised portion of the sidewalk, which notably bounds only the synagogue (see Granville v City of New York, 211 AD2d 195, 197-198 [1995]; Gage v City of New York, 203 AD2d 118, 119 [1994]; see also Keenan v Munday, 79 AD3d at 1417-1418; Keane v 85-87 Mercer St. Assoc., 304 AD2d 327, 327 [2003]; Melamed v Rosefsky, 291 AD2d at 603; cf. Wylie v City of New York, 286 App Div 720, 721-722 [1955]; compare Moons v Wade Lupe Constr. Co., 43 AD3d at 503; Devine v City of New York, 300 AD2d 532, 533 [2002]; Margulies v Frank, 228 AD2d 965, 966-967 [1996]; Giammarino v Angelo's Royal Pastry Shop, 168 AD2d 423, 423-424 [1990]). At the time of defendant's motion, issues of fact also remained as to whether plaintiff's accident was attributable to that special benefit (see generally Keenan v Munday, 79 AD3d at 1418; Savage v Shah, 297 AD2d 795, 796 [2002]; Blum v City of New York, 267 AD2d at 342), and plaintiff's special use theory of recovery should have therefore survived the summary judgment stage.
Supreme Court's erroneous motion decision precluded plaintiff from pursuing a special use theory of recovery at trial and, thus, the opportunity to establish liability by taking into consideration whether defendant knew about or in the use of reasonable care should have discovered the recurrent icy condition of the subject steps. We will not speculate as to the extent of plaintiff's proof to that end or what the jury may have concluded had it been presented with same and charged accordingly (see generally [*4]PJI 2:111). We therefore reverse Supreme Court's order and judgment and remit the matter for a new trial. In light of this disposition, plaintiff's remaining arguments are academic.
Egan Jr., J.P., Pritzker and Colangelo, JJ., concur.
ORDERED that the order and judgment are reversed, on the law, motion by defendant Landfield Avenue Synagogue Jewish General Aid Society for summary judgment dismissing the special use theory of liability denied, and matter remitted to the Supreme Court for a new trial, with costs to abide the event.



Footnotes

Footnote 1: The Code of the Village of Monticello requires defendant to clear snow and ice from not only the sidewalk in front of its property but from any stairs or ramps in front of said property down to the curb (see generally Code of the Village of Monticello § 220-24 [A]).

Footnote 2: This action was discontinued as against defendant Village of Monticello.