HELENITA A. SELIG et al., Plaintiffs, v. LOUISE MASTOLONI, Respondent, and CITY OF NEW YORK, Appellant.— In an action brought by plaintiff Selig to recover damages for personal injuries suffered as the result of a fall on an icy sidewalk in the city of New York, abutting premises owned by defendant Mastoloni, the jury rendered a verdict in favor of the plaintiff against both defendants. Defendant the City of New York appeals from so much of the judgment, as resettled and amended, as adjudges that its cross complaint against defendant Mastoloni be dismissed and as denies its motion for judgment on said cross complaint. Judgment, as resettled and amended, modified on the law and the facts, by striking therefrom the second ordering paragraph and by inserting in place thereof a provision granting judgment in favor of defendant the City of New York against defendant Louise Mastoloni as prayed for in the cross complaint. As so modified, judgment, as resettled and amended, insofar as appeal is taken, affirmed, with costs to appellant against respondent Mastoloni. The ice causing the accident was formed solely from water which had accumulated as a result of the property owner's negligent maintenance of the house leader, and since the city's negligence was that it failed to remove the ice so formed, it was not *in pari delicto* with the owner and is entitled to indemnity. (*Tremblay* v. *Harmony Mills,* 171 N. Y. 598; *De Gillio* v. *Roman Catholic Slovac Church of St. Mary,* 249 App. Div. 830.) Adel, Wenzel and Murphy, JJ., concur; Nolan, P. J., and MacCrate, J., dissent and vote to affirm the judgment with the following memorandum: We find in this record no basis for liability on the part of defendant Mastoloni. The water which formed the ice which caused the accident was not discharged directly on the sidewalk, and there is no evidence that it was conducted to the sidewalk by channels or drains constructed by that defendant or that gullies had formed in the ground which so conducted water. (Cf. *Moore* v. *Gadsden,* 87 N. Y. 84; *Bennett* v. *Cupina,* 253 N. Y. 436; *Scales* v. *Village of Nyack,* 290 N. Y. 689; *Quinlan* v. *St. Joseph's Church,* 249 App. Div. 674, and *Gehrt* v. *Bay Ridge Sanitarium,* 271 App. Div. 985.) While there is evidence that a depression or gully had formed in the snow, which conducted the water from the leader to the sidewalk, there was no proof that the water discharged from the leader had been flowing along this depression for any stated time, or that the defendant Mastoloni had notice thereof. For all that appears to the contrary, that gully may have been formed by the accumulation of snow on the lawn which may itself have temporarily changed the slope of defendant Mastoloni's property toward the sidewalk. On the evidence presented no facts were established from which it could properly be found that defendant Mastoloni should have anticipated that the water from her leader would create a dangerous condition on the public highway. (Cf. *Payne* v.

*City of New York,* 277 N. Y. 393.) Although defendant Mastoloni has withdrawn her appeal from the judgment against her in favor of the plaintiff, she moved, on trial, for the dismissal of the complaint against her, and did not acquiesce in the trial court's determination that a jury question was presented, as against her, by plaintiff's proof. Under the circumstances, we see no reason why she may not urge on this appeal that there is no basis for recovery against her in favor of the appellant City of New York.