## (June 10, 1963)

■ JOSEPHINE CANNON et al., Appellants, v. MAXIMILLIAN R. PFLEIDER et al., Respondents.— In an action to recover damages for personal injury, loss of services and medical expenses sustained as the result of a fall on a sidewalk, allegedly defective and covered with snow and ice, in front of a house owned by defendants, plaintiffs appeal from an order of the Supreme Court, Dutchess County, dated March 27, 1961, which granted defendants' motion for summary judgment dismissing the complaint. Order affirmed, with $10 costs and disbursements. For the purposes of determining whether a motion for summary judgment should be granted, the adversary's version of the facts must be accepted with respect to all points as to which there is a bona fide controversy of fact (*Einzig* v. *Aulisio*, 286 App. Div. 1127). The general rule is that an affidavit in opposition to a motion for summary judgment, made by an attorney who does not reveal personal knowledge of the facts, is without probative value (*Fauci* v. *Milano*, 15 A D 2d 939, affd. 12 N Y 2d 926). Therefore, for the purposes of this motion, the following should be accepted as facts: About 2:30 P.M. on February 23, 1959 the female plaintiff slipped and fell on the sidewalk in front of a one-family house in the Town of Poughkeepsie, which had been in the ownership of defendants since 1955. The sidewalk was not within the property lines of the premises, and at the time of the accident there was a small amount of snow on a smooth sheet of slippery ice extending about four or five feet

thereon. There was a grass lawn between the sidewalk and defendants' house and a grass mall between the sidewalk and the gutter extending down to the gutter. The sidewalk was slightly below the grade of the grass on each side thereof. As a general rule it is only the municipality which may be held liable for the negligent failure to remove snow and ice from a public sidewalk or to have defects and dangerous conditions in the sidewalk repaired (*Tremblay* v. *Harmony Mills,* 171 N. Y. 598), unless a charter, statute or an ordinance clearly imposes liability upon the owner in favor of the injured pedestrian (*City of Rochester* v. *Campbell,* 123 N. Y. 405; *Tremblay* v. *Harmony Mills, supra*). The parties cite no provision of any charter, statute or ordinance imposing such liability on an abutting owner. An abutting owner is not liable even though he fails to comply with a provision of a charter, statute or ordinance charging him with removal of snow and ice, nor is he liable for the removal thereof in an incomplete manner (*Kelly* v. *Rose,* 291 N. Y. 611; *Lee* v. *Ortiz,* 249 N. Y. 613; *Glassman* v. *City of New York,* 284 App. Div. 1045, affd. 1 N Y 2d 712). It is also a general rule that an abutting owner is liable if, by artificial means, snow and ice are transferred from the abutting premises to the sidewalk; or if, by such artificial means, water from the property is permitted to flow onto the public sidewalk where it freezes. The basic distinction between liability and nonliability rests upon whether the water, snow or ice was conducted from private premises to the public sidewalk by artificial or natural means. The abutting owner may be held liable in the former case — where the unsafe condition was created by his own wrongful act (34 A. L. R. 410; *Tremblay* v. *Harmony Mills, supra; Selig* v. *Mastoloni,* 283 App. Div. 741). He is not liable in the latter case — where he committed no wrongful act (*Moore* v. *Gadsden,* 87 N. Y. 84). In our opinion, there is no proof here that defendants committed any wrongful act which would impose liability upon them in favor of plaintiffs (*Scales* v. *Village of Nyack,* 290 N. Y. 689; cf. *Gehrt* v. *Bay Ridge Sanitarium,* 271 App. Div. 985; *Goodcuff* v. *Kahn,* 273 App. Div. 770). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.