ANNA LI PERA, Respondent, et al., Plaintiff, v. CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant. UTILITIES AND INDUSTRIES CORP., Third-Party Defendant-Respondent.— In a negligence action to recover damages for personal injury sustained by plaintiff Anna Li Pera and for loss of services by her husband, in which the defendant City of New York interposed a third-party complaint against Utilities and Industries Corp., the city, as defendant and as third-party plaintiff, appeals from a judgment of the Supreme Court, Queens County, entered October 18, 1963, after trial upon a jury's verdict in favor of the plaintiff Anna Li Pera only, and upon the court's decision dismissing the city's third-party complaint. While the jury's verdict was against the plaintiff husband, the judgment fails to contain any dispositive provision with respect to his cause of action; and he has not taken any cross-appeal from the judgment. Judgment reversed on the law and the facts; the action insofar as it is by the plaintiff William Li Pera is severed and dismissed, without costs; and a new trial is granted between the remaining parties upon the main complaint and the third-party complaint, with costs to abide the event. The evidence offered was insufficient to establish, prima facie, a case of actionable negligence on the part of the defendant city. The female plaintiff tripped on a metal water cap installed by the third-party defendant in the roadway. She claimed: (1) that because of the roadway's defective broken condition the cap projected above its surrounding area; (2) that the proximate cause of her fall and injury was the "depressed, unsafe, broken, uneven, defective and dangerous condition" of the roadway; and (3) that the city was chargeable with constructive notice of these dangerous conditions. No proof was adduced, however, showing the claimed defects in the roadway, or the height of the protrusion of the water cap. Nor was there any proof to show that the defective condition complained of existed for a period of time sufficient to charge the city with constructive notice (cf. *Loughran* v. *City of New York*, 298 N. Y. 320; *Farrell* v. *City of New York*, 113 App. Div. 687). Two photographs offered into evidence are not identified as to when they were taken, or as to the angle

of elevation from which they were taken; and the distance of the camera from the object is unknown. In the interests of justice, a new trial is granted as between the female plaintiff and the city on the main complaint, and as between the city and the third-party defendant on the city's third-party complaint. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.