■ DAVID MINTON, Respondent, v. RICHMOND BENNETT CORP., Appellant. — In an action to recover damages for personal injury sustained in a fall on ice, the defendant appeals from a judgment of the Supreme Court, Richmond County, entered December 15, 1964 after trial, upon a jury's verdict in the plaintiff's favor for $25,000. Judgment reversed on the law and the facts, without costs, and complaint dismissed, without costs. Upon all the evidence, plaintiff has failed to establish that the ice on the sidewalk, upon which he slipped, resulted from water artifically diverted onto the sidewalk from the abutting premises (cf. *Cannon* v. *Pfleider*, 19 A D 2d 625). Ughetta, Acting P. J., Hill and Benjamin, JJ., concur; Hopkins, J., dissents and votes to affirm the judgment, with the following memorandum, in which Brennan, J., concurs: The plaintiff established at the trial that, at the time of the accident and for some time before, the drainpipes, collecting water from the roof of the defendant's building had been broken and that the defendant had notice of this defective condition. Thus, the water was diverted into the alley alongside the building, and eventually upon the sidewalk, where it froze. This condition as to the diversion and freezing of the water likewise was shown to have existed for some time before the accident. In my view, these facts were sufficient to create liability on the part of the defendant. In effect, the defendant affirmatively diverted water by artificial means from other parts of its premises and cast the water on the sidewalk, compounding its action by permitting the drainpipes to remain in a broken condition (see *Selig* v. *Mastoloni*, 283 App. Div. 741; *Feinblum* v. *City of New York*, 252 App. Div. 330, affd. 277 N. Y. 708; cf. *Tremblay* v. *Harmony Mills*, 171 N. Y. 598; *Cesario* v. *Chiapparine*, 21 A D 2d 272, 279). Hence, the plaintiff's injury was directly caused by the defendant's actions.