■ DOLORES SUROWIEC et al., Respondents, v CITY OF NEW YORK, Respondent, and ROMAN CATHOLIC CHURCH OF OUR LADY OF LEBANON, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant Roman Catholic Church of Our Lady of Lebanon (hereinafter the Church) appeals from an order of the Supreme Court, Kings

County (Hutcherson, J.), dated October 28, 1987, which denied its motion for summary judgment dismissing the complaint and cross claims as against it.

Ordered that the order is reversed, on the law, with costs payable by the defendant-respondent, and the complaint and cross claims are dismissed as against the appellant.

The plaintiff allegedly sustained injuries when she fell on a flagstone sidewalk adjacent to the Church on Henry Street in Brooklyn Heights. The fall was allegedly caused by irregularities in the surface of the sidewalk where a tree root had apparently pushed one sidewalk flagstone upward.

The Church's motion for summary judgment was improperly denied. The law is well established that an abutting landowner will not be liable to a pedestrian passing by on a public sidewalk, unless the landowner created the defective condition or caused the defect to occur because of some special use, or unless a statute or ordinance placed the obligation to maintain the sidewalk upon him *(Kaszovitz v Weiszman,* 110 AD2d 117; *Lodato v Town of Oyster Bay,* 68 AD2d 904; *Friedman v Gearrity,* 33 AD2d 1044).

The proof presented by the Church in support of its motion established that it had done nothing to cause or create the allegedly defective condition of the sidewalk. Moreover, there is no evidence that the appellant had received notice to repair the sidewalk from the New York City Commissioner of Transportation *(see,* NY City Charter § 2904; Administrative Code of City of New York § 19-152). The affirmation of the attorney for the codefendant city, not being based upon personal knowledge, was insufficient to raise a triable issue of fact *(see, Zuckerman v City of New York,* 49 NY2d 557, 563). Thus, the defendant Church was entitled to summary judgment in its favor *(see, Blais v St. Mary's of Assumption R. C. Church,* 89 AD2d 653). Mangano, J. P., Brown, Kooper and Balletta, JJ., concur.