■ LYDIA BOTFELD et al., Respondents, v CITY OF NEW YORK, Respondent, and LAWRENCE ZIRKIN et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants Lawrence Zirkin and Sylvia Zirkin, and the defendant Crafts-N-Things, Inc., separately appeal (1) from an order of the Supreme Court, Kings County (Garry, J.), dated December 7, 1988, which denied their respective motions for summary judgment dismissing the complaint insofar as it is asserted against them and all cross claims against them, and (2) from so much of an order of the same court, dated April 28, 1989, as, upon reargument, adhered to the original determination.

Ordered that the appeals from the order dated December 7, 1988, are dismissed, as that order was superseded by the order dated April 28, 1989, made upon reargument; and it is further,

Ordered that the order dated April 28, 1989, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs-respondents and the defendant-respondent, appearing separately and filing separate briefs.

The evidence produced in connection with the appellants' motion for summary judgment includes proof, both photographic and testimonial, that repairs had been made in the area of the sidewalk where the plaintiff Lydia Botfeld tripped and fell. At his deposition, the appellant Lawrence Zirkin, a co-owner of the property which abuts the scene of the accident, testified that he had never hired anyone to repair the area in question, and stated that the condition of the sidewalk had not changed "for many years". However, at her deposition, Barbara Wischerth-Luckner, the tenant who leases the ground floor of Mr. Zirkin's building, testified that, on several occasions, Mr. Zirkin *had* hired a contractor to make certain repairs to the sidewalk. Ms. Wischerth-Luckner, who with her business partner and husband Philip Wischerth, operates a store at the subject premises under the name Craft-N-Things, Inc., also specifically denied that either she or her husband had ever made repairs to the sidewalk.

It should be noted that, as far as the present record reflects, neither the appellant Sylvia Zirkin, a co-owner of the building in question, nor Philip Wischerth, the other partner in appellant Crafts-N-Things, Inc., were deposed. Whether these individuals might be in possession of relevant information is thus not clear. Further, it is not clear exactly why Ms. Wischerth-Luckner, who apparently observed repairs to the sidewalk being made, came to the conclusion that they were being made at the instance of Lawrence (or Sylvia) Zirkin. Nor is it clear as to when these repairs were allegedly made. While Ms. Wischerth-Luckner's testimony as to her actual observation of repairs would of course be admissible at trial, it is far from clear that she would be able to provide admissible evidence establishing that it was Mr. Zirkin, as opposed to some other party (such as, for example, her own partner) who in fact ordered that the repairs be made.

Under these circumstances, the motions for summary judgment were properly denied. The plaintiff has produced some evidence that repairs were made to the sidewalk, and has demonstrated the existence of issues of fact as to precisely when these repairs were made, precisely where they were made, whether they were made in a negligent manner, and whether they somehow contributed to the occurrence of the accident. The applicable rule of law is that an owner or tenant who negligently repairs a municipal sidewalk may be liable to a person who is injured as the result of that negligent repair (*see generally, Tambaro v City of New York*, 140 AD2d 331; *Forelli v Rugino*, 139 AD2d 489; *Foley v Liogys*, 124 AD2d 641;

*Becker v City of New York,* 106 AD2d 595). Given the obvious conflict between the testimony of Ms. Wischerth-Luckner and the testimony of Mr. Zirkin, it would be inappropriate to rely on either source of evidence in determining, as a matter of law, which of these defendants, if either, was ultimately responsible for the making of the repairs which were apparently made. Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.