■ RACQUEL ZUCKER, Respondent, v 1255 HEWLETT PLAZA REALTY Co., Appellant, et al., Defendant.—In a negligence action to recover damages for personal injuries, the defendant 1255 Hewlett Plaza Realty Co. appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated July 21, 1989, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, without costs

or disbursements, the motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendant is severed.

It is well established that a landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting the landowner's premises, unless the landowner created the defective condition, or caused the defect to occur because of some special use, or unless a statute or ordinance placed the obligation to maintain the sidewalk upon the landowner (see, *Surowiec v City of New York*, 139 AD2d 727; *Kaszovitz v Weiszman*, 110 AD2d 117; *Lodato v Town of Oyster Bay*, 68 AD2d 904). In the case at bar, there was absolutely no evidence to show that the appellant either created the allegedly defective condition, or that it caused any defect to occur because of a special use, or was obligated by statute or ordinance to maintain the sidewalk. Bracken, J. P., Kooper, Lawrence, Balletta and O'Brien, JJ., concur.