■ CLARE ROSELLI, Respondent, v CITY OF NEW YORK et al., Defendants, and EL-OR ASSOCIATES et al., Appellants. [607 NYS2d 672] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered November 17, 1992, which denied the motion of defendants El-Or Associates, Abraham A. Hiltzik

and A. A. Hills, Inc. for summary judgment dismissing the complaint against them, unanimously reversed, on the law, the motion granted and the complaint dismissed as to the moving parties, without costs. The Clerk is directed to enter judgment severing and dismissing the complaint as to defendants-appellants.

In this action to recover for personal injuries, including a fractured right hip, suffered by plaintiff on October 15, 1986 when she tripped and fell over a portion of broken sidewalk adjacent to the frame of a metal sidewalk grate located in front of her apartment building which is owned and managed by defendants-appellants, the issue presented is whether the grate constitutes a special use of the sidewalk by the abutting property owners.

It is undisputed that the grate in question is owned by defendant Consolidated Edison Company whose employees installed and maintained it. Part of the grate is a trap door which provides access to an underground vault containing a Con Edison transformer.

In denying defendants-appellants' motion for summary judgment, the IAS Court found questions of fact presented as to whether the installation and use of the grate was exclusively for the accommodation of Con Edison or was also shared for the benefit of the abutting property owner and whether this use was the cause of the defect in the sidewalk that precipitated plaintiff's fall. However, the uncontradicted deposition testimony of Con Edison's employee Russell, upon which both parties to this appeal rely, clearly establishes that the grate in question and the underground vault and transformer it covered was not, as a matter of law, a special use inasmuch as he testified that the transformer provided electrical service to "the street" meaning that "it goes out into the line manhole and it gets paired off from there and goes up and down the blocks. And then it's picked up through house services." Although Mr. Russell further testified that the vault supplied electrical service "through the street" into defendants-appellants' premises, such vault and its covering grate were clearly not installed or maintained exclusively for the accommodation of the owner of the abutting premises (see, Balsam v Delma Eng'g Corp., 139 AD2d 292, 298-299, lv dismissed in part and denied in part 73 NY2d 783; Nickelsburg v City of New York, 263 App Div 625, 626). The location of Con Edison's transformer vault and grate in front of defendants-appellants' premises is merely incidental to its purpose and there is no

evidence that they benefit from such installation in any manner different from that of the general populace *(Balsam v Delma Eng'g Corp., supra,* at 299). Concur—Carro, J. P., Ellerin, Kupferman and Ross, JJ.