■ LERETTA PARKER et al., Respondents, v MURRAY SINGER et al., Appellants. [608 NYS2d 680] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Saladino, J.), dated March 27, 1992, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendants' motion is granted, and the complaint is dismissed.

The plaintiff Leretta Parker was injured when she tripped and fell on the sidewalk which was located in front of the defendants' property.

The defendants made out a prima facie case for summary judgment. In opposition to the defendants' motion, the plaintiffs relied on Town of Hempstead Code, chapter 6, § 184-6, which imposes on landowners a duty to maintain the town sidewalk for the benefit of the town. However, this code provision does not expressly impose tort liability upon an adjoining landowner for a violation of that duty which causes injuries to a person using the sidewalk. Under the circumstances, the defendants are not subject to tort liability for any alleged breach of the code provision (see, Donnelly v Feit, 199 AD2d 365; Forelli v Rugino, 139 AD2d 489; Conlon v Village of Pleasantville, 146 AD2d 736). Balletta, J. P., O'Brien, Ritter and Florio, JJ., concur.