■ FLORENCE BLOCH, Appellant, v ARTHUR POTTER, JR., et al., Defendants, and NANCY POTTER et al., Respondents. [612 NYS2d 236] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme

Court, Suffolk County (Gowan, J.), dated July 14, 1992, as granted the separate motions of the defendants Nancy Potter and the Town of Islip for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff was injured when she fell on a public sidewalk which abutted property originally owned by Arthur Potter, Jr., and his wife Nancy. At the time of the plaintiff's injury Arthur was deceased and the property was solely owned by Nancy Potter. The plaintiff commenced this action against the Potters, the Town of Islip and the County of Suffolk alleging, *inter alia,* that the defendants had failed to correct the alleged defect in the sidewalk which caused her to fall. Thereafter, the court granted the separate motions of each defendant to dismiss the complaint. The plaintiff appeals from so much of the order as dismissed the complaint against Nancy Potter and the Town of Islip.

The plaintiff contends that it was error to grant summary judgment to Nancy Potter since she owned the land abutting the sidewalk. It is well settled that a landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting the landowner's premises unless "the landowner created the defective condition or caused the defect to occur because of some special use, or unless a statute or ordinance placed the obligation to maintain the sidewalk upon him" *(Surowiec v City of New York,* 139 AD2d 727, 728; *see also, Zucker v 1255 Hewlett Plaza Realty Co.,* 172 AD2d 517). In the present case, the plaintiff failed to raise a triable issue of fact as to whether Nancy Potter had created or caused the allegedly defective condition. In addition, while Islip Town Code § 47A-17, imposes on abutting landowners a duty to maintain the public sidewalk, it does not expressly impose tort liability upon the landowner for injuries caused by a violation of that duty *(see,* Islip Town Code § 47A-17; *Parker v Singer,* 202 AD2d 409; *Conlon v Village of Pleasantville,* 146 AD2d 736). Under the circumstances, Nancy Potter is not subject to tort liability for any alleged breach of Islip Town Code § 47A-17 *(see, Parker v Singer, supra; Conlon v Village of Pleasantville, supra).* Accordingly, summary judgment was properly granted in favor of Nancy Potter.

Further, summary judgment in favor of the defendant Town of Islip (hereinafter the Town) was warranted. Pursuant to

Islip Town Code § 47A-3 and Town Law § 65-a (2), prior written notice is a condition precedent to bringing an action against the Town for personal injuries sustained by reason of sidewalk defects. Such prior written notice laws insulate the Town from liability for its nonfeasance in curing defects which it did not create *(see, Barry v Niagara Frontier Tr. Sys., 35 NY2d 629; Ferris v County of Suffolk, 174 AD2d 70, 72).* Absent prior written notice, the Town may be held responsible only for affirmative acts of negligence *(see, Ferris v County of Suffolk, supra,* at 72). In support of its motion for summary judgment, the Town tendered evidentiary proof in admissible form which proved that it had no record of having received written notice with respect to the alleged defect in the sidewalk. It was, therefore, incumbent upon the plaintiff, in opposition to the Town's motion, to come forward with sufficient proof to create a triable issue of fact as to notice *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065; *Ferris v County of Suffolk, supra,* at 72-73). On this record, the plaintiff failed to meet this burden. Bracken, J. P., Miller, Joy and Altman, JJ., concur.