■ MARIA MENDOZA, Appellant, v CITY OF NEW YORK et al., Respondents. [613 NYS2d 695] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Price, J.), entered August 13, 1992, which granted the motion for summary judgment by the defendants Diedrich Monsees and Elfriede Monsees to dismiss the complaint insofar as it is asserted against them and any cross claims against them, and the motion for summary judgment by the defendants Mario Perron and Guiseppe Perron, individually and d/b/a A&J Fruit Market, to dismiss the complaint insofar as it is asserted against them and any cross claim against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof which granted the motion of the defendants Diedrich Monsees and Elfriede Monsees for summary judgment and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with costs to the defendants Mario Perron and Guiseppe Perron, payable by the plaintiff.

The instant action to recover damages is based on the fall of the plaintiff on a sidewalk in front of 74-17 Metropolitan Avenue, which was the storefront of a building owned by Diedrich Monsees and Elfriede Monsees and leased to Mario Perron and Guiseppe Perron, d/b/a A&J Fruit Market.

It is now well settled that absent a finding of any special use or control, an owner or occupier of abutting property owes no duty of care to others to warn them of a defective or dangerous condition (see, e.g., Pensabene v Incorporated Vil. of Val. Stream, 202 AD2d 486; De Rico v Duncan, 200 AD2d 823; Gibson v Veley, 192 AD2d 826; Conlon v Village of Pleasantville, 146 AD2d 736). However, by repairing the abutting sidewalk, an owner or occupier may create a dangerous condition (see, Botfield v City of New York, 162 AD2d 652; Tambaro v City of New York, 140 AD2d 331; City of New York v Kalikow Realty Co., 132 AD2d 481), which would militate against granting summary judgment (see, Museums at Stony Brook v Village of Patchogue Fire Dept., 146 AD2d 572).

Based on the evidence before the Supreme Court, which includes deposition testimony and photographic evidence, it is clear that neither the defendants Mario Perron or Guiseppe Perron nor A&J Fruit Market exercised any control over the abutting sidewalk. However, there is evidence in the record that the sidewalk in question was being repaired at the time of the accident by a contractor hired by the defendants Diedrich Monsees and Elfriede Monsees, the owners of the abutting premises, and there is a question of fact as to whether the repair work caused a defect in the sidewalk. Depending on the circumstances of the case, the Monsees could be held vicariously liable for such a defect. O'Brien, J. P., Pizzuto, Joy and Krausman, JJ., concur.