■ ELI LANDAU, Individually and as Parent and Natural Guardian of ISRAEL LANDAU, an Infant, Appellant, v TOWN OF RAMAPO et al., Respondents, et al., Defendants. [615 NYS2d 705] —In an action to recover damages for personal injuries, etc., the plaintiff appeals from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated January 12, 1993, as granted the separate motions of the defendants Town of Ramapo and Congregation Shomrei Emunach for summary judgment dismissing the complaint and cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The infant plaintiff was injured when he fell over an electrical utility grate on a public sidewalk which abutted property owned by Congregation Shomrei Emunach. The plaintiff commenced this action against the Town of Ramapo, Orange and Rockland Utilities, Congregation Shomrei Emunach, and others, alleging, *inter alia,* that the defendants failed to correct the alleged defect in the sidewalk which caused him to fall. The Supreme Court granted the separate motions of the Town of Ramapo and Congregation Shomrei Emunach dismissing the complaint and cross claims insofar as asserted against them.

The Supreme Court properly granted summary judgment to the defendant Town of Ramapo. Pursuant to Local Laws, 1977, No. 4 of the Town of Ramapo and Town Law § 65-a (2), prior written notice is a condition precedent to bringing an action against the Town for personal injuries sustained by reason of sidewalk defects. Laws requiring written notice insulate the Town from liability for defects which are the result of nonfeasance *(see, Barry v Niagara Frontier Tr. Sys.,* 35 NY2d 629, 633; *Ferris v County of Suffolk,* 174 AD2d 70, 72). Absent prior written notice, the Town may be held responsible only for affirmative acts of negligence *(see, Bloch v Potter,* 204 AD2d 672; *Ferris v County of Suffolk, supra,* at 70). Here, the plaintiff conceded that the Town did not have prior written

notice. Further, the plaintiff failed to establish that the Town committed any affirmative acts of negligence.

In addition, the Supreme Court properly granted summary judgment to the defendant Congregation Shomrei Emunach. It is well settled that a landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting the landowner's premises unless "the landowner created the defective condition or caused the defect to occur because of some special use, or unless a statute or ordinance placed that obligation to maintain the sidewalk upon him" (*Surowiec v City of New York*, 139 AD2d 727, 728; *see also, Zucker v 1255 Hewlett Plaza Realty Co.*, 172 AD2d 517). Here, the uncontradicted deposition testimony of Orange and Rockland Utilities' employee Schofield clearly established that the transformer and covering grate were not installed or maintained exclusively for the accommodation of the owner of the abutting premises (*see, Roselli v City of New York*, 201 AD2d 417). Lawrence, J. P., O'Brien, Copertino and Friedmann, JJ., concur.