■ LINDA WOOLBRIGHT, Appellant, v AMERICAN TELEPHONE AND TELEGRAPH INFORMATION SYSTEMS, INC., Respondent. (And a Third-Party Action.) [619 NYS2d 558] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered June 10, 1993, unanimously affirmed for the reasons stated by McKeon, J., without costs and disbursements. No opinion. Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.

■ JENNY ZETLIN, Respondent, v CITY OF NEW YORK, Respondent, and, PARK SOUTH TENANTS CORPORATION, Appellant. [618 NYS2d 812] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered December 30, 1993, which denied defendant-appellant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

A question of fact exists as to whether defendant-appellant's employees negligently repaired the portion of the municipal sidewalk on which plaintiff allegedly fell *(see, Botfeld v City of New York,* 162 AD2d 652). Defendant-appellant's building superintendent testified at a deposition that building workers had regularly repaired any cracks or holes in the abutting public sidewalk, and that on an unknown date prior to the plaintiff's accident they had cement-patched an area of the sidewalk that appears to have been connected to the hole at the edge of the curb in which plaintiff claimed she tripped. He further testified that part of that area was "rutted" because only a "superficial" cement-patching job had been done. Under these circumstances, there exists an issue of fact as to whether defendant-appellant's employees failed to properly cement-patch the hole at the edge of the curb as well as the connecting portion of the sidewalk. Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.