■ MARY HAUSSER et al., Appellants, v SALVATORE GIUNTA, Respondent. [629 NYS2d 462] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Robbins, J.), dated May 4, 1993, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

It is the well-settled general rule that a landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting the landowner's premises unless the landowner created the defective condition, or caused the defect to occur because of some special use, or unless a statute or ordinance placed the obligation to maintain the sidewalk upon the landowner and expressly made the landowner liable for injuries occasioned by the failure to perform that duty (see, *Zucker v 1255 Hewlett Plaza Realty Co.*, 172 AD2d 517; *Lodato v Town of Oyster Bay*, 68 AD2d 904; 65 NY Jur 2d, Highways, Streets & Bridges, § 373). The plaintiffs concede that the defendant did not create the condition or cause the defect to occur because of some special use. However, the plaintiffs argue that the defendant may be held liable for the injured plaintiff's injuries pursuant to the City of Long Beach Code § 256 which transfers liability for failure to maintain sidewalks to abutting landowners. The plaintiffs' argument is without merit since the City of Long Beach Code § 256 was invalidated by the 1960 amendment to City Home Rule Law § 11 (1) (now Municipal Home Rule Law § 11 [1] [j]) prohibiting cities from adopting a local law transferring such liability to abutting property owners (see, *Rooney v City of Long Beach*, 42 AD2d 34). Mangano, P. J., Thompson, Ritter and Florio, JJ., concur.