JORGE ROSALES et al., Appellants, v CITY OF NEW YORK, Defendant, and HAMILTON HALL REALTY CORPORATION, Respondent. [633 NYS2d 213] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Price, J.), dated March 7, 1994, which granted the motion of the defendant Hamilton Hall Realty Corporation for summary judgment dismissing the complaint insofar as it is asserted against it and all cross claims asserted against it.

Ordered that the order is affirmed, with costs.

As we recently observed, "[i]t is the well-settled general rule that a landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting the landowner's premises unless the landowner created the defective condition, or caused the defect to occur because of some special use, or unless a statute or ordinance placed the obligation to maintain the sidewalk upon the landowner and expressly made the landowner liable for injuries occasioned by the failure to perform that duty" (Hausser v Giunta, 217 AD2d 604, 605; see, Kobet v Consolidated Edison Co., 176 AD2d 785; Zucker v 1255 Hewlett Plaza Realty Co., 172 AD2d 517). The defendant Hamilton Hall Realty Corporation (hereinafter Hamilton) made a prima facie showing of its entitlement to summary judgment by submitting the deposition testimony and affidavit of its President, who indicated that he had no recollection of Hamilton repairing the subject sidewalk at any time prior to the alleged accident and that his search of Hamilton's files produced no rec-

ord of any such repairs. The plaintiffs failed to come forward with any opposing evidence indicating that Hamilton created or caused the purported defective condition in the sidewalk, notwithstanding the fact that they had some four and one-half years prior to the motion within which to conduct discovery. Furthermore, the plaintiffs' claim that the lease between Hamilton and its tenant placed the duty to maintain the sidewalk upon Hamilton is patently without merit and is refuted by the terms of the lease itself. Accordingly, summary judgment was properly awarded in favor of Hamilton (see, e.g., *Giammarino v Angelo's Royal Pastry Shop,* 168 AD2d 423; *Sheehan v Rubenstein,* 154 AD2d 663; *cf., Landisi v Beacon Community Dev. Agency,* 180 AD2d 1000; *Botfeld v City of New York,* 162 AD2d 652). Sullivan, J. P., Altman, Hart and Friedmann, JJ., concur.