■ JOSEPH HINKLEY et al., Respondents, v CITY OF NEW YORK, Defendant, TENNES I. ERSTAD, Respondent, and RAYMOND McKABA, Appellant. [639 NYS2d 479]

The plaintiff allegedly fell and sustained personal injuries as a result of a defective sidewalk near the boundary adjoining the properties of the appellant and the defendant Tennes I. Erstad. Upon the appellant's motion for summary judgment, the Supreme Court held that there were issues of fact concerning the precise location of the allegedly defective condition in relation to the property line. We disagree.

The law is well settled that an abutting landowner will not be liable for injuries sustained by a pedestrian passing on a public sidewalk unless a statute or ordinance expressly obligates the landowner to maintain the sidewalk and imposes tort liability, or the landowner has created the defective condition or has caused it to arise as a result of his putting the sidewalk to a special use *(see, Landau v Town of Ramapo,* 207 AD2d 384; *Mendoza v City of New York,* 205 AD2d 741; *Bloch v Potter,* 204 AD2d 672). In the instant case, the appellant offered evidence that he had not done anything to create the alleged defective condition of the sidewalk which, according to the plaintiff's bill of particulars and deposition, was the result of pressures exerted by the roots of a curbside tree *(see, Gaboff v City of New York,* 197 AD2d 560; *Surowiec v City of New York,* 139 AD2d 727). Accordingly, the appellant has demonstrated his entitlement to judgment as a matter of law. Mangano, P. J., Miller, Altman and Friedmann, JJ., concur.