■ DOROTHY STRAUSS, Appellant, v TAM TAM INC. et al., Respondents. [647 NYS2d 110] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Feuerstein, J.), entered July 21, 1995, which, upon granting the defendants' motion pursuant to CPLR 4401 to dismiss the complaint as a matter of law at the conclusion of the plaintiff's evidence, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

"It is the well-settled general rule that a landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting the landowner's premises unless the landowner created the defective condition, or caused the defect to occur because of some special use, or unless a statute or ordinance placed the obligation to maintain the sidewalk upon the landowner and expressly made the landowner liable for injuries occasioned by the failure to perform that duty" (Hausser v Giunta, 217 AD2d 604, 605, lv granted 87 NY2d 801; see also, Rosales v City of New York, 221 AD2d 329; Kobet v Consolidated Edison Co., 176 AD2d 785; Zucker v 1255 Hewlett Plaza Realty Co., 172 AD2d 517). Similarly, unless one of the above exceptions has been established, a tenant of premises that abut a defective sidewalk is also not liable to a pedestrian injured as a result of such defect (see, Frank v City of New York, 211 AD2d 478).

The evidence at the close of the plaintiff's direct case failed to demonstrate that the defendants (the landowner and tenant of the premises adjacent to the public sidewalk upon which the plaintiff fell), came within any of these exceptions to the general rule. Accordingly, the Supreme Court properly dismissed the complaint since the plaintiff failed to establish a prima facie case of negligence against the defendants (see generally, Nicholas v Reason, 84 AD2d 915).

The plaintiff's remaining contention is without merit. Rosenblatt, J. P., Ritter, Copertino and Santucci, JJ., concur.