■ BRIAN O'HANLON, Appellant, v JUDIE WEINBACH et al., Respondents, et al., Defendant. [651 NYS2d 161] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Price, J.), entered January 26, 1996, which, upon the granting of the respective motions of the defendants Judie Weinbach and Pololo Con Corp. d/b/a Mainstreams Bar & Restaurant Corp. for judgment as a matter of law made at the close of the plaintiffs' case, is in favor of those defendants and against him dismissing the complaint insofar as asserted against them.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

It is well established that a landowner is not liable for injuries incurred as a result of defects in a public sidewalk abutting the landowner's premises absent evidence that the landowner created the defective condition or caused it to occur because of some special use (see, Strauss v Tam Tam Inc., 231 AD2d 564; Roe v City of Poughkeepsie, 229 AD2d 568; Rosales v City of New York, 221 AD2d 329).

The plaintiff concedes that this is not a special use case, and since there was no evidence whatsoever demonstrating that the respondents did anything in the way of maintenance or repair to the sidewalk area upon which the plaintiff sustained his injuries, no liability may be imposed upon them (see, MacKain v Pratt, 182 AD2d 967, 968; Noto v Mermaid Rest., 156 AD2d 435, 436; cf., Xenakis v Vorilas, 166 AD2d 586, 587). Since it was clear, based on the evidence offered in the plaintiff's case, that there was no legal basis on which the plaintiff could succeed, the court properly granted the respondents' motions for judgment as a matter of law (De Vito v Katsch, 157 AD2d 413, 416).

The plaintiff's remaining contentions are without merit. Bracken, J. P., Copertino, Joy and Altman, JJ., concur.