■ MARY LOFORESE, Appellant, v CADILLAC FAIRVIEW SHOPPING CENTERS, U.S. LTD., Respondent, and FEDERATED DEPARTMENT STORES, INC., Defendant and Third-Party Plaintiff-Respondent. CITY OF WHITE PLAINS, Third-Party Defendant-Respondent. [652 NYS2d 84] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Shapiro, J.), dated May 24, 1995, which granted the separate motions of the defendants and third-party defendant for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff allegedly sustained injuries when she tripped and fell on part of a raised section of a metal tree grate which surrounded the base of a tree. The raised grate was located on the sidewalk in front of the premises of the defendant Federated Department Stores, Inc., (hereinafter Federated), adjacent to the Galleria Mall in White Plains. The fall was allegedly caused by one-half of the tree grate rising two inches higher than the other half. The plaintiff alleges that her shoe heel caught in the uneven portion of the grate, and that as a result she fell.

An owner of land abutting a public sidewalk does not, solely by reason of being an abutting owner, owe a duty to keep the sidewalk in a safe condition (*see, Hinkley v City of New York,* 225 AD2d 665; *Conlon v Village of Pleasantville,* 146 AD2d 736). Liability may only be imposed on the abutting landowner where the landowner either (a) created the defective condition, (b) voluntarily but negligently made repairs, (c) created the defect through special use, or (d) violated a statute or ordinance which expressly imposes liability on the abutting landowner

for failure to repair (*Landau v Town of Ramapo*, 207 AD2d 384; *Mendoza v City of New York*, 205 AD2d 741; *Bloch v Potter*, 204 AD2d 672; *Surowiec v City of New York*, 139 AD2d 727; *Noto v Mermaid Rest.*, 156 AD2d 435).

In the instant case, the plaintiff has offered no evidence to show that the defendant Cadillac Fairview Shopping Centers, U.S. Ltd. (hereinafter Cadillac), the owner of the mall, was even an abutting landowner. On these facts, Cadillac owed no duty to the plaintiff (*see, Alicea v City of New York*, 188 AD2d 631; *James v Stark*, 183 AD2d 873). The plaintiff also failed to show that the defendant Federated, as the abutting landowner, came within any of the four categories enumerated above on which liability may be imposed (*see, Landau v Town of Ramapo, supra; Mendoza v City of New York, supra; Bloch v Potter, supra*). Accordingly, the Supreme Court properly dismissed the complaint. O'Brien, J. P., Florio, McGinity and Luciano, JJ., concur.