■ Roslyn Charlip et al., Respondents, v City of New York, Respondent, and Patricia Seddio et al., Appellants. [671 NYS2d 502] —In an action to recover damages for personal injuries, etc., the defendants Patricia Seddio and Frank Seddio appeal from an order of the Supreme Court, Kings County (Steinhardt, J.), dated July 3, 1997, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion is granted, the complaint and cross claim are dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The law is well settled that an abutting landowner will not be liable for injuries sustained by a pedestrian passing on a public sidewalk unless a statute or ordinance expressly obligates the landowner to maintain the sidewalk and imposes

tort liability, or the landowner has created the defective condition or has caused it to arise as a result of his putting the sidewalk to a special use (*see, Hausser v Giunta,* 88 NY2d 449, 452-453; *O'Hanlon v Weinbach,* 234 AD2d 436; *Hinkley v City of New York,* 225 AD2d 665).

The appellants moved for summary judgment on the issue of liability on the ground that there was no evidence demonstrating, *inter alia,* that they had done anything in the way of maintenance or repair to the sidewalk area upon which the injured plaintiff tripped and fell (*see, O'Hanlon v Weinbach, supra; Mackain v Pratt,* 182 AD2d 967, 968; *Noto v Mermaid Rest.,* 156 AD2d 435, 436). In opposition to the motion for summary judgment, the plaintiffs submitted unidentified photographs of an improperly-repaired sidewalk. There was no evidence that the photographs submitted by the plaintiffs were a fair and accurate representation of the area of the sidewalk at the time the injured plaintiff fell. The unauthenticated photographs did not constitute evidentiary proof in admissible form so as to raise a triable issue of fact as to negligent repairs (*see, Truesdell v Rite Aid,* 228 AD2d 922; *Morrissey v City of New York,* 221 AD2d 607; *Niles v State of New York,* 201 AD2d 774; *Mooney v Turner,* 35 AD2d 674; *Li Pera v City of New York,* 23 AD2d 578). Therefore, the appellants' motion for summary judgment on the issue of liability should have been granted. O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.