■ JOSEPHINE MUHLON, Appellant, v SURF OPERATING Co. et al., Respondents. [679 NYS2d 705] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated September 11, 1997, which granted the defendants' respective motion and cross motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered October 14, 1997, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The plaintiff allegedly sustained injuries when she tripped and fell on a public sidewalk in front of premises owned by the

defendant Surf Operating Co., and leased to the defendant Somachs Home Improvements.

In the absence of evidence that an abutting landowner made special use of a public sidewalk or created or caused an allegedly defective condition, the property owner is not liable for injuries sustained by an individual who falls on the sidewalk (*see, Hand v Stanper Food Corp.* 250 AD2d 812; *Hinkley v City of New York,* 225 AD2d 665; *Landau v Town of Ramapo,* 207 AD2d 384; *Mendoza v City of New York,* 205 AD2d 741). In the instant case, the defendants offered evidence that they had not done anything to create or cause the alleged defective condition of the sidewalk, and that they made no special use thereof. Accordingly, the court properly granted the respective motion and cross motion for summary judgment dismissing the complaint. Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.