■ CLARA MONTALVO, Respondent, v KENNETH HEEGE, Appellant, et al., Defendants. [753 NYS2d 491] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered April 12, 2002, which, to the extent appealed from as limited by the briefs, denied defendant Heege's cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the cross motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against him.

The owner of land abutting a public sidewalk owes a duty to the public to maintain the sidewalk in a safe condition only if the abutting owner created the defect or used the sidewalk for a special purpose, such as when an appurtenance was installed for its benefit or at its request, as opposed to an installation for the benefit of the general public (see Thomas v Triangle Realty Co., 255 AD2d 153).

None of the submitted evidence establishes that Heege, the owner of the property adjacent to the sidewalk on which plaintiff tripped, made special use of the sidewalk. The existence of a single utility line to Heege's house from the utility pole in front of his house does not alone support a finding of a special use. There is no evidence that the pole was installed for Heege's accommodation or at his request (see Kaufman v Silver, 90 NY2d 204, 207), nor that he had any sort of special relationship with the utility that placed it there.

The facts here are distinguishable from those considered in *Karr v City of New York* (161 AD2d 449), where a triable issue was found as to defendants' special use of the sidewalk where there was a metal plate in the sidewalk and two utility boxes located at the site of the plaintiff's accident had been installed for the exclusive benefit of the defendants' building. Here, the opposite is true.

The present case is analogous to *Roselli v City of New York* (201 AD2d 417), in which this Court dismissed the complaint against the abutting landowner where the plaintiff tripped over a broken sidewalk adjacent to a metal sidewalk grate, which grate covered a Con Ed underground vault and transformer that provided electrical service to the street (*id.* at 418). This Court observed that the vault and grate "were clearly not installed or maintained exclusively for the accommodation of the owner of the abutting premises" (*id.*). That the transformer and grate were in front of the defendants' building was "incidental to its purpose," and there was no evidence that defendants benefitted from them any more than the general public (*id.* at 418).

As in *Roselli*, the location of the utility pole in this case in front of Heege's property was incidental to its purpose. At least four other utility lines led from the pole to other properties in addition to the one going to Heege's house. These circumstances do not support plaintiff's special use claim. Concur—Andrias, J.P., Saxe, Rosenberger, Lerner and Friedman, JJ.