Mondel v Wu (2004 NY Slip Op 50737(U))

[*1]

Mondel v Wu

2004 NY Slip Op 50737(U)

Decided on June 21, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 21, 2004

Supreme Court, Kings County
ALINA MONDEL, Plaintiff, against
MARGARET WU & PHILLIP WU, Defendants
53856/02

Leon Ruchelsman, J.
The defendant moves for summary judgment, pursuant to CPLR §3212 dismissing the complaint filed by the plaintiff. The plaintiff opposes the motion and papers were submitted by all parties. After reviewing the arguments of all parties, this court now makes the following determination.
Background
 On the morning of December 6th 2002 the plaintiff slipped on a patch of ice on the sidewalk portion of the defendant's driveway, and sustained injuries. The plaintiff brought an action alleging that the defendant negligently
repaired the driveway and sidewalk where she slipped, and did not
properly clear the area of snow and ice, thus causing her injuries. The defendant filed this summary judgment motion claiming that the defendant was not negligent in repairing the sidewalk in front of his home, and moreover, had no duty to properly clear the sidewalk of snow and ice, and
therefore is not liable to the plaintiff.

Conclusions of Law Summary judgement may be granted where the movant establishes sufficient evidence which would compel the court to grant judgement in his or her favor as a matter of law (Zuckerman v. City of New York, 49 NY2d 557, 427 NYS2d 595 [1980]). Summary judgement would thus be appropriate where no right of action exists foreclosing the continuation of the lawsuit.
 It is well settled that a landowner will generally not be liable to an individual injured by a defect in a public sidewalk abutting the landowner's premises (Bloch v. Potter, 204 AD2d 672, 612 NYS2d 236 [2d Dept., 1994], Surowiec v. New York, 139 AD2d 727, 527 NYS2d 478 [2d Dept., 1988]). However a landowner
[*2]
can be liable where the landowner creates the defective condition such as by taking up and negligently replacing the sidewalk (Diaz v. Vieni, 303 AD2d 713, 758 NYS2d 98 [2d Dept., 2003]), or by voluntarily but negligently making repairs (Mendoza v. New York, 205 AD2d 741, 613 NYS2d [2d Dept., 1994], Fraser v. Fertig, 251 AD2d 621, 676 NYS2d 201 [2d Dept., 1998]). The plaintiff must submit evidence as to when the alleged repairs were made and that such repairs were undertaken by the landowner (Ritts v. Teslenko, 276 AD2d 768, 715 NYS2d 418 [2d Dept., 2000]).
 A landowner can also be liable where a special use caused the defect to occur. (Bloch, supra). The doctrine of special use, or special benefit, is reserved for situations where a landowner, whose property abuts a public street or sidewalk, derives a special benefit from that sidewalk unrelated to the public use. (Lobel v. Rodco Petroleum Corp., 233 AD2d 369, 649 NYS2d 939 [2d Dept., 1996]). A driveway constructed across the sidewalk is a special benefit use. (Cole v. Albany, 80 AD2d
656, 436 NYS2d 413 [3rd Dept., 1981], Blum v. New York, 267 AD2d 341, 700 NYS2d 65 [2d Dept., 1999]). The causal connection
between the owner's special use of a portion of the public walkway and the defective condition that caused the injury is an issue for the trier of fact and precludes the granting of summary judgment. (Granville v. New York, 211 AD2d 195, 627 NYS2d 4 [1st Dept., 1995]).
 In the instant case, the defendant admitted to making repairs to the sidewalk where the plaintiff was injured. In addition, the defendant utilized the portion of the sidewalk where the plaintiff was injured as a driveway raising the issue whether such condition was indeed a special use. Thus, a
question of fact remains as to whether plaintiff's voluntary repairs of the sidewalk were done negligently. Questions of fact also remain as to whether a defective condition in the sidewalk was caused by the defendant's special use, and whether that condition caused the plaintiff's injuries, precluding summary judgment in defendant's favor.
 As for the plaintiff's claim regarding snow and ice removal, it is true that a landowner has no duty to clear the sidewalk of snow and ice. However, once a landowner undertakes to clear the sidewalk of snow and ice the landowner will be liable for resulting injuries when removal is so performed as to create a dangerous condition, increasing the natural hazard. (Rector v. New York, 259 AD2d 319, 686 NYS2d 426 [1st Dept., 1999]). A
landowner will also be liable where snow and ice are transferred by artificial means from the abutting premises to the sidewalk, or water from the property is permitted to flow, by artificial means, onto the sidewalk where it freezes. (Cannon v. Pfleider, 19 AD2d 625, 241 NYS2d 85 [2d Dept., 1963]).
 In this case, the defendant undertook to remove the snow and ice on the sidewalk abutting his property. The defendant also voluntarily repaired the driveway portion of his property and the abutting sidewalk. The plaintiff later fell on a patch of ice on that sidewalk. Based on the foregoing, questions of fact remain as to whether the defendant created a dangerous condition on the sidewalk or caused ice to form from artificial means resulting in the plaintiff's injuries.
 Therefore, based on the foregoing, the defendant's motion for summary judgment is hereby denied.
[*3] So ordered.
ENTER:
DATED: June 21, 2004 _________________________________
 Brooklyn N.Y.Hon. Leon Ruchelsman
 JSC