Maldonado v 527 Lincoln Place, LLC (2019 NY Slip Op 04373)





Maldonado v 527 Lincoln Place, LLC


2019 NY Slip Op 04373


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-12981
 (Index No. 11012/10)

[*1]Hector Maldonado, appellant, 
v
527 Lincoln Place, LLC, respondent, et al., defendant (and third-party actions).


Gorayeb & Associates, P.C., New York, NY (Martin J. Moskowitz of counsel), for appellant.
White Fleischner & Fino, LLP, New York, NY (Alisa Dultz and Ian Forman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated October 20, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendant 527 Lincoln Place, LLC, which was for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, the defendant 527 Lincoln Place, LLC (hereinafter Lincoln). The plaintiff sought to recover damages for injuries allegedly sustained by him on January 5, 2010, when he tripped and fell due to a hole in an asphalt-filled trench on a public sidewalk in Brooklyn that abutted property owned by Lincoln. It is undisputed that National Grid, through its contractors, constructed the asphalt-filled trench on which the plaintiff allegedly fell. The trench was part of a gas main replacement project that spanned almost the entire block of Lincoln Place between Classon and Franklin Avenues. Hallen Construction and paving contractor New York Paving undertook the project on behalf of National Grid in July 2009.
Following the completion of discovery, Lincoln moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it. The Supreme Court granted that branch of the motion, and the plaintiff appeals.
We agree with the Supreme Court's determination granting that branch of Lincoln's motion which was for summary judgment dismissing the amended complaint insofar as asserted against it. Lincoln established, prima facie, that, under the circumstances, the duty to maintain the asphalt-filled trench was imposed upon National Grid. National Grid had a statutory obligation, under Administrative Code of the City of New York § 19-147 and the Rules of City of New York Department of Transportation (34 RCNY) § 2-11(e)(16), to repair and restore the subject sidewalk (see Administrative Code of City of NY § 19-147[a]; 34 RCNY 2-11[e][16]). Moreover, as a permittee performing work to the public sidewalk, National Grid was liable for any "damage . . . to persons, animals or property by reason of negligence in any manner connected with the work" [*2](Administrative Code of City of NY § 19-110).
Lincoln also made a prima facie showing that it did not create the alleged dangerous condition or cause it to occur through a special use (see Ellman v Village of Rhinebeck, 41 AD3d 635, 637; Landau v Town of Ramapo, 207 AD2d 384). In opposition, the plaintiff failed to raise a triable issue of fact.
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court