**Lopez v Brooklyn Union Gas Co.**

2024 NY Slip Op 30507(U)

February 15, 2024

Supreme Court, Kings County

Docket Number: Index No. 504566/2019

Judge: Richard Velasquez

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 66 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 15th day of FEBRUARY 2024

P R E S E N T:
HON. RICHARD VELASQUEZ
                    Justice.

-------------------------------------------------------------------X

NALDY LOPEZ,

                Petitioner(s),

-against-

THE BROOKLYN UNION GAS COMPANY,
individually and d/b/a NATIONAL GRID NEW YORK
and THE HALLEN CONSTRUCTION CO. INC., and
NEW YORK PAVING, INC.

                Respondent(s).

-------------------------------------------------------------------X

Index No.: 504566/2019
Decision and Order
Mot. Seq. No. 5 & 6

The following *papers NYSCEF* Doc #'s   83  to  148  read on this motion:

| Papers | NYSCEF DOC NO.'s |
|---|---|
| Notice of Motion/Order to Show Cause Affidavits (Affirmations) Annexed_____ | 83-107; 110-131 |
| Opposing Affidavits (Affirmations)_____ | 132-135; 137-139; 143 |
| Reply Affidavits_____ | 146; 147; 148 |

After having come before the Court and the Court having heard oral argument on AUGUST 2, 2023, and after considering the forgoing documents above filed in connection with this matter the court finds as follows:

Defendant NEW YORK PAVING, INC. moves pursuant to CPLR 3212 for summary judgment in favor of defendant dismissing plaintiff's claims in their entirety; (b) dismissing co-defendants' cross-claims in their entirety. (MS#5) Plaintiff opposes the same.

Plaintiff moves for an Order pursuant to CPLR § 3212, granting plaintiff partial

Page **1** of **5**

[* 1]

summary judgment on the issue of liability against defendants, THE BROOKLYN UNION GAS COMPANY, individually and D/B/A NATIONAL GRID NEW YORK and HALLEN CONSTRUCTION,CO., INC. (MS#6) Defendants oppose the same.

## FACTS

This action arises from personal injuries allegedly sustained by plaintiff, NALDY LOPEZ while she was a pedestrian who was allegedly injured when her foot went into a hole located in cold patch surrounding a metal plate on a sidewalk located adjacent to the premises located at 3228 Mermaid Avenue in Brooklyn, New York, which allegedly caused her to trip and fall on April 29, 2018. Defendants, HALLEN CONSTRUCTION and defendant, THE NATIONAL GRID NEW YORK pursuant to a contract performed excavation and gas main replacements on the sidewalk at the premises. Plaintiff alleges said contract work caused and created the dangerous tripping hazard which caused the plaintiff to trip and fall. It is alleged by the plaintiff Naldy Lopez in her testimony taken on April 29, 2018, at 1:00 pm plaintiff fell on the sidewalk of 33rd Street between Mermaid Avenue and Surf Avenue near the corner closest to the intersection with Mermaid Avenue when her right foot went into a "round hole" the size of her hand. *See Exhibit "K"* at 16 – 23; 38. It is undisputed, on the date Plaintiff fell there was a steel plate on the sidewalk in close proximity to where she fell.

New York Paving Hallen issued paving orders to New York Paving to perform temporary restoration to the sidewalk at West 33rd Street between Mermaid and Surf 15 feet from the corner. New York Paving contends they performed the sidewalk restoration on West 33rd Street between Mermaid and Surf Avenue on June 11, 2018, two months after the alleged incident.

[* 2]

However, Mr. Stone uncovered another paving order and this paving order was issued by Hallen Construction on April 2, 2018 to the paving contractor to put down temporary asphalt indicated (Code: CD 92 on the paving order on p. 20 of Exhibit N) at the location of West 33rd Street between Mermaid Avenue and Surf Avenue. On the next page for this paving order it is indicated that the temporary asphalt was put down at this location on April 3, 2018. (Exhibit M, p. 50, lines 5-9 and Exhibit N, p. 21. The paving Order to replace the temporary asphalt at the above-mentioned location was issued by Hallen Construction to paving contractor was April 3, 2018. (Exhibit M, p. 42, line 6-9, Exhibit N, p. 24) A continuation of that paving order is on page 25 of Exhibit N and which Mr. Stone states that a final restoration of the sidewalk on West 33rd Street between Mermaid and Surf Avenue with concrete was completed by the paving contractor on June 10, 2018. ( Exhibit M, p. 42, lines 10- 14, and Exhibit N, pgs. 24-25

New York Paving contends they are entitled to summary judgment because the New York Paving did not owe a duty to the plaintiff to maintain or repair the subject sidewalk; they did not create the subject condition; they did not create the hole in the sidewalk; they did not place the steel plate on the sidewalk; they did not place the macadam around the steel plate. Defendant New York Paving also contends that any work they did where the alleged accident occurred was two months after the accident, and they were not performing any work at that location at the time of the accident. The Court notes defendant New York Paving does not admit to placing the any temporary asphalt on the sidewalk, but New York Paving contends that even if they did place the temporary asphalt in the sidewalk, defendants contend the temporary asphalt was not defective at the time the work was performed and the hole formed at a later date after the

Page **3** of **5**

[* 3]

sidewalk was excavated and the plate and macadam were placed around the plate.

## ANALYSIS

It is well settled law that whenever any sidewalk, pavement, curb or gutter in any street shall be taken up, the person or persons by whom or for whose benefit the same is removed has a statutory obligation to restore the sidewalk. *Maldonado v 527 Lincoln Place, LLC,* 173 AD3d 730, 103 NYS3d 581, 2019 N.Y. App. Div, 2019 NY Slip Op 04373. In Maldonado the Court found that it was undisputed that National Grid, through its contractors, constructed the asphalt-filled trench on which the plaintiff allegedly fell. The trench was part of a gas main replacement project that spanned almost the entire block of Lincoln Place between Classon and Franklin Avenues. This is just like the present case wherein it is undisputed defendants, THE BROOKLYN UNION GAS COMPANY, individually and D/B/A NATIONAL GRID NEW YORK and HALLEN CONSTRUCTION,CO., INC. through its contractors constructed the asphalt on which the plaintiff allegedly fell. As such plaintiff's motion for partial summary judgment is hereby granted. (MS#6)

Whether New York Paving did in fact, put down temporary blacktop in the area where plaintiff fell and whether it was negligent in doing so are both issues of fact in this action. There are two paving orders and one of the orders is for before the accident occurred, therefore New York Paving has not overcome their burden of showing the paving order from April was not them or that they did not do any work before the accident, or if they did do the work that said work was not defective, pursuant to the April paving order referenced above. As such, motion sequence number five (5) for summary judgment is hereby denied there are issues of fact.

Page **4** of **5**

[* 4]

Accordingly, defendant New York Paving's motion for summary judgment is hereby denied for the reasons stated above. (MS#5) Plaintiff's motion for partial summary judgment against defendants, THE BROOKLYN UNION GAS COMPANY, individually and D/B/A NATIONAL GRID NEW YORK and HALLEN CONSTRUCTION,CO., INC. is hereby granted for the reasons stated above. (MS#6).

This constitutes the Decision/Order of the court.

Dated:     Brooklyn, New York
           FEBRUARY, 15, 2024          ENTER FORTHWITH:

                                       _____
                                       HON. RICHARD VELASQUEZ

                                       Hon. Richard Velasquez, JSC

[* 5]